NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0549n.06

No. 08-4463

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 07, 2009**
LEONARD GREEN, Clerk

QIAO ZHEN JIANG,

    Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE BOARD OF
IMMIGRATION APPEALS

OPINION

Before: CLAY and SUTTON, Circuit Judges; THAPAR, District Judge.[*]

SUTTON, Circuit Judge. Qiao Zhen Jiang, a native and citizen of China, seeks review of an order denying her application for withholding of removal and for relief under the Convention Against Torture. Because substantial evidence supports the order, we deny the petition.

I.

In 1997, Jiang emigrated from China to the United States. Although she entered the country on a fiancee visa, she never married her sponsor. The government therefore initiated removal proceedings against her in 2000. Conceding removability, Jiang filed applications for withholding of removal and relief under the Convention Against Torture.

---

[*] The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

She testified as the sole witness at her hearing, claiming that she would suffer persecution or torture if returned to China because she began practicing Falun Gong after entering the United States, and she introduced three short letters from other individuals purporting to corroborate her status as a Falun Gong practitioner. The Immigration Judge (IJ) did not find credible her testimony that she was "a Falun Gong member." ROA 66. Even if she were credible, the IJ added, she had not met her burden of proof for obtaining relief on either ground because the three letters were entitled to no weight and because Jiang did not present other reasonably available corroborating evidence. The IJ accordingly denied Jiang's applications.

The Board of Immigration Appeals (BIA) adopted and affirmed the IJ's decision without clarifying whether it relied on the IJ's credibility determination or Jiang's failure to satisfy her burden of proof. Jiang appealed, and we remanded the case (at the Attorney General's urging) to clarify the basis of the BIA's decision. On remand, the BIA clarified that Jiang had not satisfied her burden of proof and added a brief analysis of its own supplementing the IJ's reasoning.

## II.

### A.

The Attorney General cannot remove Jiang from the United States if her "life or freedom would be threatened in" China because of her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To prevent removal, Jiang must show "it is more likely than not that . . . she will be persecuted" on those grounds if removed. *Sarr v. Gonzalez*, 485 F.3d 354, 362 (6th Cir. 2007) (internal quotation marks omitted); *see also* 8 C.F.R. § 1208.16(b)(2). When the BIA adopts the IJ's opinion "with additional commentary, we review the

decision of the IJ, as supplemented by the BIA," as the final agency action. *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007). And we must accept the agency's findings of fact as true unless a "reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), a standard of review that applies to agency findings that corroborating evidence is reasonably available, *Id.* § 1252(b)(4).

Jiang's failure to corroborate her status as a Falun Gong practitioner is fatal to her application. *See* 8 U.S.C. § 1231(b)(3)(C) (providing that burden of proof determinations shall be made pursuant to 8 U.S.C. § 1158(b)(1)(B)(ii), which requires corroborating evidence if the IJ determines it is necessary "unless the applicant . . . cannot reasonably obtain the evidence"); *Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009). The IJ found that Jiang should have presented witnesses subject to cross-examination to corroborate her Falun Gong practice. Deeming implausible Jiang's claim that every potential witness feared persecution if they testified in support of her petition, the IJ also found such witnesses were reasonably available.

The record does not "compel[]" a "contrary" conclusion. According to Jiang, she practiced Falun Gong for four years before the hearing and attended Falun Gong gatherings in New York and Washington, D.C. A reasonable trier of fact could find it implausible, as the IJ did in this case, that Jiang encountered no one during that time who would be willing to testify on her behalf.

Further undercutting the plausibility of Jiang's argument, two individuals—Zhu Cheng Wu and Tang Haiying—submitted letters to the IJ on Jiang's behalf disclosing that they practiced Falun Gong with Jiang. Submitting those letters was only slightly less perilous to these individuals than testifying at Jiang's hearing—if, that is, the purported reason they were unwilling to give live

testimony is that they feared government persecution for admitting those beliefs themselves. Jiang's explanation also does not account for the third letter-writer, the owner of the Platinum Dragon, who claimed only to have observed Jiang practicing Falun Gong. Jiang does not argue that China persecutes individuals merely for recognizing Falun Gong practices—or for that matter just observing them. *Cf. Lin*, 565 F.3d at 975. That Jiang never attempted to subpoena any witnesses under 8 C.F.R. § 1003.35 cements the soundness of the IJ's availability determination. *See Shkabari v. Gonzalez*, 427 F.3d 324, 331 (6th Cir. 2005) (failing to attempt to obtain corroborating evidence undermines argument that evidence was unavailable); *cf.* Fed. R. Evid. 804(a)(5). Substantial evidence supports the IJ's decision.

Jiang resists this conclusion on two fronts. *First*, she says that she adequately corroborated her claim through the three submitted letters and that the IJ should have given greater weight to them. But no rule or precedent to our knowledge—and certainly not one that Jiang has cited—says that an applicant may meet her burden of proof merely by offering up letters or affidavits at an evidentiary hearing, as opposed to live testimony. While the IJ may not have been compelled to insist on live, corroborating testimony, "re-weighing the evidence is not part of this Court's role under the substantial-evidence standard." *Lin*, 565 F.3d at 978; *see also Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001) ("[W]e may not reverse the Board's determination simply because we would have decided the matter differently.").

No doubt, our unfamiliar legal system may intimidate immigrants—it intimidates many natural-born citizens—especially those not fluent in English or here illegally. Perhaps, as a result, submitting a letter is less intimidating than appearing in person. And it may also be that, contrary

to the Attorney General's argument, most potential witnesses will not necessarily know that immigration proceedings are confidential. *See* 8 C.F.R. § 208.6. But all of this suggests only that the evidence could support a contrary conclusion, not that it *compels* one. *See Dorosh v. Ashcroft*, 398 F.3d 379, 381 (6th Cir. 2004). In the end, this was a call for the IJ to make based on the facts and circumstances presented.

The brevity and conclusory nature of the letters also supports the IJ's decision to give them no weight. The most detailed letter recounts that Zhu Chen Wu met Jiang in 2001 in New York, the two regularly practiced Falun Gong together, and they sometimes went to Falun Gong gatherings in New York and Washington, D.C. Tang Haiying's letter states only that the two of them "have been cultivating and practicing (Falun Gong) together every Sunday" for roughly a year. ROA 232. And the last letter, by "[t]he owner of Platinum Dragon," has just one relevant sentence: "I saw [Jiang] practice Fa Lun Gong with other few people." ROA 235. Such conclusory letters, lacking any supportive or illuminating detail, did not compel the IJ to accept Jiang's claim. *See Lin*, 565 F.3d at 977.

*Second*, Jiang argues that, even without corroboration, her testimony by itself satisfies her burden of proof. 8 C.F.R. § 1208.13 ("The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration."). But to say that an applicant's testimony by itself may suffice to meet her burden of proof is not to say that it must do so—or that an IJ's contrary conclusion must be reversed. *See Shkabari*, 427 F.3d at 331 (noting that "even when an applicant's credibility has not been questioned, the failure to provide reasonably available corroborating evidence" can itself constitute grounds for concluding that an applicant has failed to meet the burden

of proof). After all, this is not a case where the applicant's "testimony is the only evidence available," *Dorosh*, 398 F.3d at 382 (internal quotation marks omitted), and the self-serving and unelaborated nature of Jiang's testimony gave the IJ ample reason to insist on corroborating evidence here. *See id.* ("[W]here it is reasonable to expect corroborating evidence . . . , such evidence should be provided.") (internal quotation marks omitted).

B.

Jiang also petitions for review of the BIA's denial of relief under the Convention Against Torture. To obtain relief, Jiang bears the burden of establishing "it is more likely than not that . . . she would be tortured if removed to" China. 8 C.F.R. § 1208.16(c)(2). As with her request for withholding removal, this claims hinges on her status as a Falun Gong practitioner. This claim thus fails for the same reasons as her application for withholding of removal. *See Fang Huang v. Mukasey*, 523 F.3d 640, 651 (6th Cir. 2008) (noting that the standards applicable to withholding of removal under the INA and the Convention are the same).

III.

For these reasons, we deny the petition.