**Sulejman THERMIJA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–3206.

United States Court of Appeals, Sixth Circuit.

June 15, 2004.

David K. Wenger, Detroit, MI, for Petitioner.

Richard M. Evans, Nancy E. Friedman, U.S. Department of Justice, Washington, DC, for Respondent.

Before SILER and ROGERS, Circuit Judges; and FORESTER, District

Judge.*

## ORDER

Sulejman Thermija, a native and citizen of Albania, petitions for review of a Board of Immigration Appeals (BIA) order that affirmed the decision of the immigration judge (IJ) to deny Thermija's application for asylum or withholding of removal. The parties are represented by counsel and have waived oral argument, and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Thermija entered the United States in September 1999 using a false passport. The Immigration and Naturalization Service began removal proceedings the same month. Thermija conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture. In his application and his testimony before the IJ, Thermija asserted that he had been continually threatened by the secret police because of his active participation in the Democratic Party, that he was struck in the face by a policeman at a demonstration in March 1997, and that he left Albania in 1999 to escape further threats. Thermija feared he would be killed if he returned to Albania. The IJ found that Thermija was not credible and that, even if his testimony was accepted, he had not established a well-founded fear of persecution. The BIA affirmed the IJ's decision without opinion. Thermija filed a timely petition for review.

In his petition for review, Thermija argues that: (1) summary affirmance of the IJ's decision violated his due process rights; (2) his due process rights were violated by the BIA's failure to follow the summary affirmance provisions of 8 C.F.R.

§ 3.1(a)(7); (3) the IJ erred when he determined that Thermija was not credible; (4) the IJ abused his discretion by relying exclusively on the United States Department of State Country Condition Reports; and (5) he has shown that he has a well-founded fear of persecution should he return to Albania.

This case is covered by the permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) because the removal proceedings began after April 1, 1997, the effective date of the act. *See Balogun v. United States Att'y Gen.*, 304 F.3d 1303, 1309 (11th Cir.2002). Under the permanent rules of the IIRIRA, findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The standard set out in § 1252 codifies the substantial evidence standard previously set forth by the Supreme Court in *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). *See Dia v. Ashcroft*, 353 F.3d 228, 247–49 (3d Cir. 2003).

Upon review, we conclude that the petition for review must be denied. First, the IJ's finding that Thermija was not credible is supported by substantial evidence. The IJ noted Thermija's failure to give direct responses, inconsistencies between statements he made when he first entered the United States, his asylum application, and his testimony at the hearing, and inconsistencies within his hearing testimony. For example, Thermija initially said he left Albania for economic reasons, but later claimed he was threatened and attacked because of his political activities. With regard to the attack, the IJ noted that

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

Thermija did not mention being beaten in his initial statements, but in his application said he was beaten "very badly" and that the secret police tried to kill him, and later testified at the hearing that he was struck twice in the face. Moreover, the Democratic Party was in power at the time of the alleged beating, March of 1997. These discrepancies are important and involve the heart of Thermija's asylum claim. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997).

The IJ also determined that, even if Thermija's testimony was accepted, he had not established a well-founded fear of persecution. The IJ found that receiving two punches in 1997 did not establish past persecution, in view of the fact that Thermija remained in Albania two years after the incident, that he did not know of any threats or actions against his family, and that conditions in Albania have changed since he left. The IJ concluded that Thermija failed to present evidence that he would be targeted for persecution if he returned to Albania and did not have a well-founded fear of future persecution. The record supports each of these conclusions.

Finally, because Thermija did not demonstrate his entitlement to a grant of asylum, he cannot meet the more stringent requirements for withholding of removal or protection under the Convention Against Torture. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Selimi v. Ashcroft*, 360 F.3d 736, 741 (7th Cir.2004).

Thermija's arguments on appeal are without merit. Neither the BIA's streamlining procedures for reviewing appeals nor its practice of affirming IJ decisions without issuing an opinion violates an alien's rights to due process. *Denko v. INS*, 351 F.3d 717, 730 (6th Cir.2003). Moreover, when the BIA affirms the IJ's

decision without opinion, we review the IJ's decision as the final agency order. *Id.* Accordingly, Thermija received a full and fair appraisal of his claims.

For the foregoing reasons, we deny the petition for review.