*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0174p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

YINGGUI LIN,

                         *Petitioner,*

    *v.*

ERIC H. HOLDER, JR., United States Attorney
General,

                        *Respondent.*

No. 08-3573

On Petition for Review from a Final Order of the
Board of Immigration Appeals.
No. A98 354 937.

Submitted: March 13, 2009

Decided and Filed: May 14, 2009

Before: MARTIN and GILMAN, Circuit Judges; ZOUHARY, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Richard T. Herman, LAW OFFICES, Cleveland, Ohio, for Petitioner.
Craig A. Newell, Jr., Aviva L. Poczter, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

_____

**OPINION**

_____

JACK ZOUHARY, District Judge. Petitioner Yinggui Lin (Lin) is a Falun Gong
practitioner who allegedly fled from persecution in China, including a Chinese police
raid on his gaming business which resulted in the confiscation of equipment. Lin entered
the United States illegally in September 2004 near Roma, Texas. That same month, the

_____

[*] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio,
sitting by designation.

1

Department of Homeland Security served Lin with a Notice to Appear, alleging he was removable as an alien. Lin was granted a change of venue to Cleveland, Ohio in March 2005. In August 2005, Lin filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

The immigration judge denied Lin's application at a merits hearing in August 2006. The denial was affirmed in April 2008 by the Board of Immigration Appeals (BIA). Lin filed this appeal in May 2008. He argues the BIA erred in upholding the immigration judge's finding that Lin failed to provide corroborating evidence of the circumstances supporting his request for asylum. Lin also argues the immigration judge erred in failing to find a nexus between his Falun Gong activities and the Chinese police's confiscation of his gaming equipment, and to properly review the State Department Human Rights Report on discrimination against Falun Gong practitioners in China. Finally, Lin argues his due process rights were violated when the immigration judge did not properly mark Exhibit 2 (his application for asylum with supporting documentation) into the record.

For the reasons set forth below, we **DENY** the petition on all grounds.

## BACKGROUND

Falun Gong is a spiritual discipline comprised of meditation exercises with moral components, including cultivation of virtue and character. Introduction to Falun Dafa / Falun Gong, http://www.falundafa.org/eng/intro.html (last visited April 16, 2009).

According to Lin's testimony before the immigration judge, he has been a Falun Gong practitioner since 1997. Friends recommended the practice to aid in relaxation as well as physical and mental health. Lin ceased his practice in 1999 when the Chinese government began suppressing Falun Gong, but he renewed the practice in 2003.

One of Lin's fellow Falun Gong practitioners was arrested in 2003 and apparently reported Lin's name to the Chinese police. In December 2003, the police raided Lin's business, a gaming room, when he was not there. The police told Lin's employee, Xianfei Wong, that Lin was being targeted because he was a Falun Gong

practitioner. After the raid, the police confiscated Lin's gaming equipment and shut down his business.

Immediately following this incident, Lin left Hangzhou and moved to Shenzen, where he stayed with a friend and continued to practice Falun Gong. Lin's employer, a restaurant owner, saw Lin practicing Falun Gong while at work in June 2004. His employer told him to cease his practice or he would call the police. Instead, Lin left this job.

In December 2003, while Lin was living in Shenzen, police visited his parents' house in Hangzhou, showed his parents a notice for Lin's appearance, and asked where he was. The police allegedly wanted to arrest Lin because of his Falun Gong practices and asked his parents to advise Lin to surrender himself to authorities, which Lin refused to do. According to his parents, police continued to look for Lin through August 2005.

Lin left China in July 2004, borrowing money from friends and relatives and paying a "snakehead" $30,000 to smuggle Lin into the United States. He entered the United States illegally in September 2004 near Roma, Texas, and the next day was served with papers charging him as an illegal alien. Lin currently lives in Cleveland with his cousin and several others. He continues to practice Falun Gong, although his cousin and others living with them, who allegedly have observed his practice, did not testify at the hearing.

The immigration judge issued an oral decision at the conclusion of the August 2006 merits hearing denying Lin's applications for asylum, withholding of removal, and CAT protection.

Although the judge found Lin credible, he based his denial on Lin's failure to present corroborating evidence of his Falun Gong practice in China and the United States. The judge specifically found Lin did not "provide an adequate explanation for his failure to produce," for example, statements from friends with whom he practiced Falun Gong in Hangzhou, the friend with whom he stayed in Shenzen, his employer in Shenzen, or others in the United States (JA 35-37). The judge also sought corroboration

of the incident when the Chinese police appeared at his parents' home, but Lin could not produce the notice served by the police, allegedly because his parents destroyed the notice in anger after the police left. The judge found the alleged intentional destruction of the document an inadequate explanation for the document's absence.

The judge acknowledged the affidavit from Xianfei Wong, Lin's employee at his gaming room, but found this sole piece of corroborating evidence "too speculative to make a definitive conclusion" (JA 38).  Likewise, the letter Lin proffered from his parents was "not very specific" and contained no dates or details regarding the police confrontation or that the police interference was because of Lin's Falun Gong practice (JA 39).  The judge found the letter from Petitioner's aunt similarly vague and general, entitled to "very limited weight under the circumstances" (*id.*).

Lin failed to carry the burden of proof required for granting asylum because he demonstrated neither past persecution in China for his Falun Gong practice nor "a well-rounded fear of future persecution based upon a totality of the evidence" (JA 40). Because Lin failed to meet his burden to show eligibility for asylum, he necessarily failed to meet the higher burden required for withholding of removal, and failed to demonstrate the likelihood of torture on his return to China.

The BIA affirmed the immigration judge's findings that Lin failed to meet his burden of proof and questioned the absence of many documents or witnesses that Lin might have been able to produce to corroborate his Falun Gong practice.  The BIA indicated that "[w]hile the lack of some of these may be adequately explained, the overall lack of support leads us to agree with the Immigration Judge" (*id.*).  Though the BIA noted that "a respondent's testimony[] alone may be sufficient to support an application for relief, here, without other support, it failed to meet [Petitioner's] burden of proof" (*id.*).  Lin now appeals the BIA's decision.

## ANALYSIS

### Standard of Review

Lin argues this Court should conduct a de novo review of the BIA's fact-finding because the BIA allegedly erred in its interpretation of the law. However, the proper standard governing this Court's review of the BIA's findings of fact is substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Thermija v. INS*, 102 F. App'x 920, 921 (6th Cir. 2004) ("[F]indings of fact are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (*quoting* 8 U.S.C. § 1252(b)(4)(B))). Under this deferential standard of review, the court "must uphold the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Abay v. Ashcroft*, 368 F.3d 634, 637 (6th Cir. 2004) (*quoting Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998)). A reviewing court may not reverse on the basis that it would have decided the case differently; rather reversal is merited only if "the evidence not only supports a contrary conclusion [as argued by the petitioner], but indeed compels it." *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999); *see also Elias-Zacarias*, 502 U.S. at 481 n.1.

Questions of law and constitutional questions are subject to de novo review, with deference to the BIA's reasonable interpretation of the statutes and regulations. *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980-81 (2005) (*citing Chevron, U.S.A., Inc. v. Natural Resources Def. Council*, 467 U.S. 837, 843-44 (1984)).

### Petition for Asylum

To establish eligibility for asylum, an applicant must establish he is a "refugee" within the meaning of INA Section 101(a)(42), 8 U.S.C. § 1101(a)(42). "To establish that the applicant is a refugee . . . , the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). An asylum applicant bears the burden of demonstrating that "persecution is a reasonable

possibility should he be returned to his country of origin." *Perkovic v. INS*, 33 F.3d 615, 620 (6th Cir. 1994) (*quoting INS v. Cardoza-Fonseca*, 480 U.S. 421, 440 (1987)).  In determining whether an applicant for asylum has sustained his burden,

> [t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. . . . Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii).  Even if the immigration judge finds the applicant to be credible, "where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided . . . .  The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet her burden of proof." *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004) (*quoting In re S-M-J*, 21 I. & N. Dec. 722, 724-26 (BIA 1997)).  An immigration judge's determination regarding the availability of corroborating evidence will not be reversed "unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."  8 U.S.C. § 1252(b)(4), *as amended by* REAL ID Act of 2005, Section 101(e).[1]

In the instant case, substantial evidence supports the BIA's finding that Lin failed to meet his burden.  Furthermore, Lin does not demonstrate that the record evidence compels the conclusion that additional evidence sought by the immigration judge was unavailable.  Notably, Lin failed to present sufficient corroboration of his past Falun Gong practice in China and his present practice in the United States.  Because his status as a Falun Gong practitioner is critical to his asylum petition, failure to corroborate his past and present Falun Gong practice is fatal to his application.

---

[1]Section 101(e) of the REAL ID Act was effective on enactment and applies to removal orders issued before, on, or after May 11, 2005. *See Shkabari v. Gonzales*, 427 F.3d 324, 331 n.2 (6th Cir. 2005) ("This provision applies even to petitions, such as this one, where the BIA acted prior to the enactment of the legislation.").

At the hearing, Lin mentioned two persons who could have corroborated his 2003 Falun Gong practice in China; one he lost contact with, and the other was "in court" (JA 61).**2** Even if a reasonable trier of fact may conclude corroborating evidence is unavailable from both of these persons, there were others who could corroborate his past Falun Gong practice in China. For example, Lin presented no letter or statement from the friend with whom he stayed in Shenzen after fleeing Hangzhou, stating only that he had lost contact with him. The immigration judge believed this friend would have been "a particularly useful witness" and indicated Lin should have made an effort to locate him through his family or friends in China (JA 36).

The immigration judge also cited Lin's inability to present the notice served on his parents by the Chinese police as an important, missing corroborative piece of evidence. This document could have established the Chinese authorities were looking for Lin because he was practicing Falun Gong. The judge found Lin's stated reason for its absence -- that his parents threw it away in anger -- inadequate. The judge also found the lack of specificity in the supporting letters from Lin's parents and aunt insufficient to corroborate his Falun Gong practice. Both letters contain vague, conclusory statements regarding his Falun Gong practice without specifying a connection between that practice and his persecution at the hands of the Chinese police. Given Lin's argument that the police came looking for him at his parents' home, the failure to discuss that incident in any detail is an important missing piece of information.

Lin also did not meet his burden in corroborating his current, continuing practice of Falun Gong in the United States. Without showing that he continues to be a Falun Gong practitioner, Lin cannot support his argument that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for persecution on his return to China. 8 U.S.C. § 1158(b)(1)(B)(i). Lin testified that both his cousin and his roommate could verify his continuing practice of Falun Gong in this country. Yet neither testified at the hearing or submitted a written

---

**2**There is some discrepancy in the translation as to whether the second individual was "in court" or "in Korea" (JA 35, 61). Regardless, Lin did not indicate why he could not obtain corroborating information from that person under either scenario.

statement to the court. The immigration judge found Lin's stated reason for their absence (that they were busy and had to work) inadequate.

Lin argues the BIA's focus on the *need* to provide corroborating evidence sidesteps the proper inquiry into the *availability* of that corroborating evidence under *Dorosh*. However, *Dorosh* stands for the proposition that "where it is *reasonable* to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence *should be provided*." 398 F.3d at 382 (emphasis added). Lin's argument that the immigration judge "failed to properly address the materiality and evidentiary value of the corroborating documents" is, in effect, an argument the judge should have given greater weight to the evidence he did submit, rather than request evidence Lin was reasonably expected to submit, per *Dorosh*.

The BIA specifically noted that it reviewed whether the corroborating evidence the immigration judge requested was reasonably available to Lin (JA 9) ("Nonetheless, the Immigration Judge recites a large number of documents or witnesses that the respondent might have been expected to produce. While the lack of some of these may be adequately explained, the overall lack of support leads us to agree with the Immigration Judge."). The BIA even disagreed with the immigration judge's finding that Lin could have reasonably obtained a letter from his employer at the restaurant in Shenzen who threatened to call the police when he discovered Lin practiced Falun Gong, indicating the BIA seriously considered whether all the evidence the immigration judge requested was, in fact, reasonable for Lin to present. As previously noted, re-weighing the evidence is not part of this Court's role under the substantial-evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001) ("Under this deferential standard, we may not reverse the Board's determination simply because we would have decided the matter differently. . . . In order to reverse the Board's factual determinations, we must find that the evidence not only supports a contrary conclusion, but indeed *compels* it.") (internal quotations and citations omitted) (emphasis in original). Substantial evidence supports the BIA's affirmation of the immigration judge's decision; the record evidence does not compel a contrary conclusion.

Lin also argues the immigration judge erred in failing to find a nexus between his Falun Gong activities and the confiscation of his gaming equipment, and in failing to properly review the State Department Human Rights Report on China. However, these claims have not been administratively exhausted because Lin did not present them in his brief for his BIA appeal. This Court does not have jurisdiction to consider claims that have not been administratively exhausted. 8 U.S.C. § 1252(d)(1); *see also Ramani v. Ashcroft*, 378 F.3d 554, 559-60 (6th Cir. 2004) (holding "only claims properly presented to the BIA and considered on their merits can be reviewed by this court in an immigration appeal").

To the extent Lin also argues this Court should take judicial notice of the 2008 State Department Country Report on China, appellate review is limited to the administrative record. 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."). This Court has held it "cannot take judicial notice of facts, including country reports, outside the administrative record." *Sedrakyan v. Gonzales*, 237 F. App'x 76, 84 n.4 (6th Cir. 2007).

**Withholding of Removal Under INA**

To qualify for withholding of removal, an applicant must demonstrate it is more likely than not that, if removed to a designated country, his "life or freedom would be threatened" on account of a protected ground. INA § 241(b)(3)(A), *codified at* 8 U.S.C. § 1231(b)(3)(A). This standard is more stringent than that governing eligibility for asylum. *Berri v. Gonzales*, 468 F.3d 390, 397 (6th Cir. 2006). Thus, an applicant who fails to establish his eligibility for asylum necessarily fails to establish his eligibility for withholding of removal. *Id.* (*citing Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)). In the instant case, Lin has not established he is eligible for asylum; he likewise cannot show eligibility for withholding of removal.

**Protection Under the Convention Against Torture**

Lin argues the BIA erred in upholding the immigration judge's decision to deny relief under CAT, 8 C.F.R. § 208.16(c)(2). However, Lin has not administratively exhausted this issue because he failed to present it in his BIA appeal. Thus, this Court has no jurisdiction to review this issue. 8 U.S.C. § 1252(d)(1); *Ramani*, 378 F.3d at 559-60.

**Due Process Violation**

Lin also alleges a violation of his due process rights based on the immigration judge's failure to physically mark Exhibit 2 for identification at the hearing. Respondent argues this claim should be dismissed for want of jurisdiction because Lin failed to present it to the BIA. However, Lin alleges he did not receive notice of the immigration judge's error until after he filed his petition with the BIA. Lin must exhaust his claim administratively in order for this Court to retain jurisdiction to hear it. 8 U.S.C. § 1252(d)(1); *Ramani*, 378 F.3d at 559-60. Because Lin did not address this argument in his BIA appeal, it is procedurally defaulted.

However, even if Lin had administratively exhausted his due process claim, it would still be without merit. Due process entitles aliens to a full and fair hearing, though the immigration judge retains "broad discretion in conducting that hearing." *Castellano-Chacon v. INS*, 341 F.3d 533, 553 (6th Cir. 2003). A due process violation occurs only when "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Hassan v. Gonzales*, 403 F.3d 429, 436 (6th Cir. 2005) (*quoting Ladha v. INS*, 215 F.3d 889, 904 (9th Cir. 2000)). To prevail on a due process challenge, an alien must demonstrate not only error, but also "substantial prejudice," or showing the alleged violation affected the outcome of the proceeding. *Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005).

In the instant matter, Lin has not demonstrated that the immigration judge's failure to physically mark the evidence as Exhibit 2 was anything more than a clerical error. The hearing transcript indicates the judge verbally identified Exhibit 2 and placed

it into evidence (JA 47).  Lin does not show how this alleged error affected the outcome of the proceedings, let alone how it caused substantial prejudice.  Lin totally fails to show a violation of his due process rights.

**Remand**

Finally, Lin argues his case should be remanded to the BIA on grounds of "extreme hardship," citing a string of cases in support.  However, the "hardships" relating to Lin's removal are analogous to any other removal of an alien illegally present in the United States.  The cases cited in support of remand can be factually distinguished.  *See, e.g.*, *Miller v. INS*, 762 F.2d 21, 25 (3d Cir. 1985) (finding remand appropriate in light of newly discovered evidence regarding petitioner's application for adjustment of status); *David v. INS*, 548 F.2d 219, 223 (8th Cir. 1977) (staying issuance of mandate for 90 days to allow petitioner to petition for a discretionary stay because the court found the effect of his expulsion on his family placed petitioner in a "deferred action category," allowing him to remain in the country on humanitarian grounds); *United States v. McAllister*, 395 F.2d 852, at \*1 (3d Cir. 1968) (suggesting "substantial evidence" in the record indicated petitioner had been rehabilitated and deportation should be stayed, but nevertheless affirming the district court's deportation order); *Pimental-Navarro v. Del Guercio*, 256 F.2d 877, 880 (9th Cir. 1958) (granting remand despite "no basis for judicial disturbance of the judgment" because of the extreme hardship on petitioner's family, including his six children, three of whom were minors).

Lin has not demonstrated the record compels a contrary conclusion to the BIA's affirmation of the immigration judge's decision.  Remand is inappropriate.

## CONCLUSION

For all the foregoing reasons, we **DENY** Lin's petition for review.