NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0490n.06

No. 08-3916

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 14, 2009**
LEONARD GREEN, Clerk

TENZING SHERPA, aka Sherpa Tenzing; ) 
NGOWANG LAMA, )
)
    Petitioners, )  ON PETITION FOR REVIEW FROM A
)  DECISION OF THE BOARD OF
v. )  IMMIGRATION APPEALS
)
ERIC H. HOLDER, JR., Attorney General,[*] )
)
    Respondent. )

Before: GILMAN, COOK, and FARRIS,[**] Circuit Judges.

COOK, Circuit Judge. Ngowang Lama and Tenzing Sherpa, husband and wife, petition for review of the Board of Immigration Appeals ("BIA")'s order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We dismiss in part for lack of jurisdiction and deny the remainder of the petition on the merits.

I. Background

The petitioners, ethnic Tibetans and citizens of Nepal, entered the United States as tourists

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

[**]The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

in 1996. After the Department of Homeland Security instituted removal proceedings in November 2003, Lama filed her application for asylum and other relief, naming Sherpa as a derivative beneficiary. Lama asserted that she fears persecution by Maoists due to her Tibetan ancestry, political beliefs, and Buddhist religion. JA 2. She testified that her grandparents immigrated to Nepal from Tibet to escape oppression by the Chinese. Her family supported the Nepalese monarchy, and her father served as mayor of their village. In 2002, according to Lama, Maoists bombed a school in her village, causing no injuries but forcing her father to flee to Kathmandu where Maoists continue to extort money from him. JA 5–6.

The Immigration Judge ("IJ") denied Lama's asylum application, finding she neglected to timely file it. He also denied her request for withholding of removal, concluding that Lama did not suffer past persecution and that she failed to demonstrate a clear probability of future persecution. Finally, the IJ denied her request for relief under CAT on the grounds that she failed to show a likelihood of torture if she returned to Nepal. The BIA affirmed, and petitioners now appeal.

## II. Analysis

A.      Asylum

The government argues that we lack jurisdiction to review the denial of Lama's application for asylum, and we agree. With some exceptions, an alien seeking asylum must prove by clear and convincing evidence that she filed her application within one year of the date of her arrival in the

United States. 8 U.S.C. § 1158(a)(2)(B). The BIA determined that the petitioners failed to file within one year or "within a reasonable period of time following changed circumstances that materially affected their eligibility for asylum, or extraordinary circumstances that excused their late filing." JA 2; *see* 8 U.S.C. §§ 1158(a)(2)(B), (a)(2)(D). Because Lama raises no constitutional claims or questions of law, § 1158 bars our review. *See Huang v. Mukasey*, 523 F.3d 640, 650–51 (6th Cir. 2008); 8 U.S.C. § 1158(a)(3).

B.      Withholding of Removal

Although we lack jurisdiction over Lama's asylum application, we may review the BIA's denial of her application for withholding of removal. *Almuhtaseb v. Gonzales*, 453 F.3d 743, 749 (6th Cir. 2006). Where, as here, "the BIA does not summarily affirm or adopt the IJ's reasoning and provide[s] an explanation for its decision, we review the BIA's decision as the final agency determination." *Huang*, 523 F.3d at 651 (internal quotation marks omitted). Regardless of whether the petitioner requests withholding of removal under the Immigration and Nationality Act ("INA") or relief under the CAT, we will reverse the BIA's determination if we deem it "manifestly contrary to law." *Almuhtaseb*, 453 F.3d at 749 (quoting 8 U.S.C. § 1252(b)(4)(C)). We review the BIA's factual findings under the substantial-evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *Thap v. Mukasey*, 544 F.3d 674, 676 (6th Cir. 2008) (internal quotation marks omitted).

In order to prevail on her petition under the INA or the CAT, Lama "must show that there is a 'clear probability' that she would be subject to persecution . . . or to torture," respectively. *Huang*, 523 F.3d at 651 (quoting *Kouljinski v. Keisler*, 505 F.3d 534, 544 (6th Cir. 2007)). The risk of persecution must relate to her race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A). The BIA found Lama credible, but determined that she failed to demonstrate past persecution or a likelihood of future persecution or torture. JA 2. At the time the Maoists allegedly bombed the school, petitioners already resided in the United States. Lama admitted that she experienced no mistreatment while living in Nepal. She argues that harm to her family constitutes persecution to herself "if the persecutor's motivation in harming the family member is to punish or harm [her]," Appellant's Br. 5 (citing Office of International Affairs, Asylum Division Memorandum)—but no one physically harmed anyone in Lama's family, and the IJ concluded that Lama failed to provide reasonably available evidence corroborating her claims that Maoists threatened her family. *See* 8 U.S.C. § 1252(b)(4). The IJ further found that Lama was not politically active and had not "distinguished herself in a way that would draw attention to herself by the Maoists." JA 14. Moreover, news articles suggested that the Nepalese government and Maoist guerillas entered into a cease-fire. Lama offers two 2008 reports indicating that violence continues, but we are limited to the administrative record. 8 U.S.C. § 1252(b)(4)(A); *Lin v. Holder*, 565 F.3d 971, 978–79 (6th Cir. 2009). Substantial evidence supports the BIA's decision; therefore, the BIA did not abuse its discretion in denying petitioners' application for withholding of removal or relief under the CAT.

III. Conclusion

For these reasons, we dismiss in part for lack of jurisdiction and deny the remainder of the petition on the merits.