NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0154n.06

No. 12-3547

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Feb 12, 2013*

DEBORAH S. HUNT, Clerk

ROGELIO ALVARADO-LOPEZ, )
)
    Petitioner, )
)
v. ) ON PETITION FOR REVIEW FROM A
) FINAL ORDER OF THE BOARD OF
ERIC H. HOLDER, JR., Attorney General, ) IMMIGRATION APPEALS
)
    Respondent. )

Before: MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Rogelio Alvarado-Lopez, a native and citizen of Guatemala, petitions for review of a decision by the Board of Immigration Appeals (Board) dismissing his appeal for lack of jurisdiction.

Alvarado-Lopez claimed that he last entered the United States in 2006 near Nogales, Arizona, without a valid entry document. After being stopped in Tennessee for driving without a license in September 2009, Alvarado-Lopez was taken into custody and removal proceedings were commenced. Alvarado-Lopez conceded the charges against him. At his hearing before an Immigration Judge (IJ), Alvarado-Lopez testified that did not want to return to Guatemala because he needed to support his parents in Guatemala, who were elderly and could not work. He denied that

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

he was afraid to return to Guatemala based on any fear of persecution. He also testified that he had an aunt in the United States, but no other family.

The IJ explained to Alvarado-Lopez that, based on his testimony, he was not eligible for cancellation of removal, and asked Alvarado-Lopez if he wished to elect voluntary departure. Alvarado-Lopez responded that he had attempted, unsuccessfully, to retain a lawyer. The IJ questioned Alvarado-Lopez about his alleged efforts to hire a certain lawyer, but Alvarado-Lopez could not supply the lawyer's last name or address. Alvarado-Lopez had no receipt to support his allegation that he had made an initial payment to the lawyer and the record was void of any Notice of Appearance by an attorney on Alvarado-Lopez's behalf.

The IJ reminded Alvarado-Lopez that he had been given six months from the date of his initial hearing to obtain a lawyer, and that it was not the court's responsibility to contact one for him. The IJ granted Alvarado-Lopez voluntary departure up to November 24, 2010, 120 days from the date of the IJ's decision. The IJ asked Alvarado-Lopez if he would accept that decision and waive his right to an appeal. Alvarado-Lopez replied in the affirmative, and the hearing was closed. The IJ issued an order, without opinion, granting Alvarado-Lopez voluntary departure and ordering Alvarado-Lopez removed from the United States should Alvarado-Lopez fail to depart by the deadline.

Alvarado-Lopez then filed an appeal with the Board. The Board dismissed the case based on its finding that Alvarado-Lopez had waived his right to appeal when he accepted the IJ's grant of voluntary departure, pursuant to 8 U.S.C. § 1229c(a). The Board further found that Alvarado-Lopez failed to present any argument that his waiver was not knowingly and intelligently made. In support of his petition for review, Alvarado-Lopez argues that he was denied due process because he was confused at the hearing regarding the forms of relief that may have been available to him. He states that if the case is remanded, he would pursue asylum and relief under the Convention Against Torture.

Where the Board reviews an IJ's decision and issues a separate opinion rather than summarily affirming the IJ's decision, as in this case, we review the Board's decision as the final agency determination. *Shaya v. Holder*, 586 F.3d 401, 405 (6th Cir. 2009). We review de novo legal issues relating to statutory requirements of the immigration laws. *Matovski v. Gonzales*, 492 F.3d 722, 731 (6th Cir. 2007). Although we generally lack subject matter jurisdiction from decisions granting or denying voluntary departure, we may review de novo Alvarado-Lopez's claim that the Board had jurisdiction to consider his appeal because this is a legal question.

"Pre-conclusion" voluntary departure, the type granted to Alvarado-Lopez in this case, permits an alien to depart the country voluntarily prior to the completion of removal proceedings. *See* 8 U.S.C. § 1229c(a)(2). As one of the conditions for pre-conclusion voluntary departure, an alien must waive the right to appeal all issues. 8 C.F.R. § 1240.26(b)(1)(i)(D). Once an alien knowingly and intelligently waives his right to appeal when accepting pre-conclusion voluntary departure, the Board no longer has jurisdiction to review the IJ's decision. *Kohwarien v. Holder*, 635 F.3d 174, 179 (5th Cir. 2011); *Narine v. Holder*, 559 F.3d 246, 248 n.2 (4th Cir. 2009).

Alvarado-Lopez argues that his waiver was not knowingly and intelligently made because he was confused by the IJ's questions and explanation of relief. However, as the Board noted, Alvarado-Lopez failed to present this argument before the Board. Thus, he has failed to exhaust this claim and we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Lin v. Holder*, 565 F.3d 971, 978 (6th Cir. 2009); *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). Alvarado-Lopez also failed to exhaust his claim that his attorney abandoned him, implying that he received ineffective assistance of counsel.

Even if we were to consider Alvarado-Lopez's due process claim, it would fail because Alvarado-Lopez has not shown that he was prejudiced by any defect in the proceeding. *See Ndrecaj v. Mukasey*, 522 F.3d 667, 673 (6th Cir. 2008). Alvarado-Lopez argues that he could have shown that he was entitled to asylum or relief under the Convention Against Torture. However, Alvarado-

Lopez has presented no evidence that he has a fear of returning to Guatemala or that he may be tortured upon his return. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.16(c)(3); *Namo v. Gonzales*, 401 F.3d 453, 458 (6th Cir. 2005).

The petition for review is denied.