NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a1035n.06

No. 13-3411

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 18, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HENGMIN LI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | **OPINION** |

BEFORE: COLE, GILMAN, and DONALD, Circuit Judges.

PER CURIAM. Hengmin Li petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Li is a native and citizen of China. He entered the United States in August 2007. In 2008, Li filed an application for asylum, withholding of removal, and relief under the CAT, asserting that he had been persecuted by the Chinese government for practicing Christianity. The IJ concluded that, because Li testified inconsistently and failed to submit evidence that corroborated his claims, he failed to establish entitlement to relief. The BIA affirmed the IJ's denial of Li's application.

On appeal, Li argues that the denial of his application was not supported by substantial evidence because his testimony was consistent and fully credible, and he adequately explained his inability to provide corroborating evidence. Li also argues that, under 8 U.S.C.

§ 1158(b)(1)(B)(ii), he was entitled to notice and an opportunity to provide the corroborating evidence sought by the IJ.

Where, as here, the BIA adopts the IJ's reasoning, but adds its own comments, we review both the IJ's decision and the BIA's additional remarks. *See Ward v. Holder*, 733 F.3d 601, 603 (6th Cir. 2013). We review legal conclusions *de novo* and factual findings and credibility determinations are reviewable under the substantial-evidence standard. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial-evidence standard, administrative findings of fact and credibility determinations are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.* Under the REAL ID Act, an IJ's credibility determination must be based on the totality of the circumstances. *El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009).

Substantial evidence supported the IJ's determination that Li's testimony was not fully credible and that he needed to submit corroborating evidence to meet his burden of proof. *See Urbina-Mejia v. Holder*, 597 F.3d 360, 367 (6th Cir. 2010); *Lin v. Holder*, 565 F.3d 971, 976-77 (6th Cir. 2009). During his removal hearing, Li testified that, following his arrest, Chinese authorities had other inmates beat him until he was unconscious. In his asylum application, however, Li did not claim that he was rendered unconscious by the beating and instead asserted that he "lied down on the ground to protect [his] head." When asked about the discrepancy, Li initially stated that he was semi-conscious, then asserted that he did not know why his asylum application omitted that he was rendered unconscious. In addition, when questioned about why he did not submit supporting affidavits from members of his church, Li gave conflicting explanations that he and his wife could not find the other church members and that the

individuals' homes were under government surveillance. Given the discrepancies in Li's testimony, we are not compelled to conclude that he was fully credible.

Li waived his arguments that (1) he was denied notice and an opportunity to present the corroborating evidence sought by the IJ, and (2) he adequately explained his inability to provide the evidence because he failed to raise those arguments in his appeal to the BIA. 8 U.S.C. § 1252(d)(1); *see Lin*, 565 F.3d at 978.

Accordingly, we deny Li's petition for review.