NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0057n.06

No. 13-3170

**FILED**
Jan 22, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| Ali Akbar Aftasi | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| Eric H. Holder, Jr., Attorney General | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE:     Rogers, McKeague, and White, Circuit Judges.

ROGERS, Circuit Judge.

Ali Akbar Aftasi petitions to review a decision from the United States Board of Immigration Appeals denying his petition to reopen his case in order to apply for asylum and halt removal proceedings. Aftasi claimed that his prior counsel was ineffective for failing to file an asylum application on his behalf. The Board denied Aftasi's motion because he did not submit any country reports or other documentary evidence to support his application, and therefore failed to establish a prima facie case for the relief sought. The Board concluded that even if Aftasi's prior counsel was ineffective, Aftasi failed to show that reopening the case was warranted. This basis for denying reopening was not an abuse of discretion.

Aftasi is a citizen of Iran, and was born there on April 8, 1951. He entered the United States on a student visa in 1976, and after leaving for a short period, was re-admitted in 1979 "as

a nonimmigrant student to attend Youngstown State University in Youngstown, OH." In 2003, Aftasi was placed in removal proceedings under § 237(a)(1)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(C)(i), because he had ceased attending the university in 1984, a "condition[] of the nonimmigrant status under which [he was] admitted." Aftasi has two children, a son and a daughter born in 1994 and 1997, respectively, both of whom are citizens of the United States.

During his removal proceedings, Aftasi testified that he pays $400 a month in child support, and had not seen his children in more than four years. The Immigration Judge (IJ) denied Aftasi's application for cancellation of removal because Aftasi failed to show that his removal would be a serious hardship for his children. In 2009, Aftasi appealed the IJ's decision, and the Board of Immigration Appeals (BIA) affirmed the IJ's decision because the record did not reflect that Aftasi was "a meaningful part of his children's lives," and therefore, his removal would not "result in exceptional and extremely unusual hardship" to them.

On July 7, 2009, Aftasi filed a motion to reopen his case with the BIA so that he could apply for asylum; in addition, he claimed that his prior counsel was ineffective for misleading him into not filing for asylum. Aftasi did not attach any supporting documents, such as country reports or other documentary evidence, to his asylum application, as required by 8 C.F.R. § 1003.2(c)(1). The BIA denied his motion to reopen because Aftasi failed to "establish prima facie eligibility for the relief sought." *See INS v. Doherty*, 502 U.S. 314, 319 (1992); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988)). Instead,

> The respondent raises only the most generalized claim that he would be targeted by the current Iranian government because he served 2 years in the Iranian military before coming to the United States in 1976 and prior to the 1979 revolution there, and because he has lived in the United States for over 30 years.

Because Aftasi "presented absolutely no evidence of current conditions in Iran that would be relevant to his claim," the BIA denied his motion to reopen the case. Accordingly, the BIA did not need to reach his claim for ineffective assistance of counsel.

The BIA did not abuse its discretion in denying Aftasi's motion to reopen his case because Aftasi failed to establish a prima facie case of his eligibility for asylum. Even timely motions to reopen are disfavored. *Doherty*, 502 U.S. at 323. An agency abuses its discretion in denying such a motion only when its decision "was made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006). There is no evidence of any agency misconduct here. Aftasi did not comply with regulations that require a motion to reopen to "be supported by affidavits or other evidentiary material." The BIA has discretion to deny a motion to reopen if the movant fails to establish a prima facie case with evidence that "reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *In Re S-V-*, 22 I & N Dec. 1306, 1308 (BIA 2000), overruled on other grounds by Amir v. Gonzales, 467 F.3d 921, 927 (6th Cir. 2006). Aside from "vague references" to current conditions in Iran, Aftasi offered no evidence demonstrating his asylum eligibility.

In his petition for review, Aftasi contends that the BIA dismissed his case on a technicality, and that the agency instead should have taken judicial notice of Iran's country conditions as clearly established facts in the public record. This argument is meritless. Failure to comply with regulatory requirements is not a technicality, and this Court on appeal may only take judicial notice of facts contained in reports, including country reports, in the administrative record. *Lin v. Holder*, 565 F.3d 971, 978–79 (6th Cir. 2009).

Because the BIA did not abuse its discretion in denying Aftasi's motion to reopen, the agency similarly did not abuse its discretion in declining to consider the merits of his ineffective assistance of counsel claim.[1]  The Board's decision is affirmed.

---

[1] To prevail on an ineffective assistance of counsel claim, the aggrieved party must show prejudice. *See Allabani v. Gonzales*, 402 F.3d 668, 676–78 (6th Cir. 2005).  Here, Aftasi cannot show prejudice where he has failed to establish prima facie eligibility for asylum.