NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0811n.06

No. 14-4252

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 11, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JORGE MORENO-ORTEGA, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| LORETTA E. LYNCH, U.S. Attorney | ) APPEALS |
| General, | ) |
| | ) |
| Respondent. | ) |

BEFORE: BATCHELDER and GRIFFIN, Circuit Judges; CARR, District Judge.[*]

PER CURIAM. Jorge Moreno-Ortega, a Mexican citizen, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Moreno-Ortega was born in Michoacan, Mexico in 1983, and first entered the United States in 1996. He married a woman who has become a naturalized citizen, and they have two U.S. citizen children. In 2009, in resolution of removal proceedings, he was given the opportunity to voluntarily depart the country. He returned to Mexico while his wife sought a visa on his behalf. However, Moreno-Ortega did not wait for the chance to enter this country

_____

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

legally, and instead returned without approval in 2010. He was again placed in removal proceedings after being arrested for public intoxication. He eventually filed for the above relief.

At his merits hearing, Moreno-Ortega testified that, while in Mexico in 2010, he was beaten by members of the La Familia Michoacana gang for refusing to join their group. He testified that the gang also burglarized his mother's home, where he was staying. On a second occasion, the gang threatened to kill him if he did not leave town. He went to stay with an aunt in Guadalajara. He learned that two of his cousins, who had joined the gang, had been killed by them. He did not know the reason for the murder of one cousin, but believed that the second cousin owed the gang money. He believed that he would be killed by the gang as well, and therefore returned to the United States. He also testified that when his sister attempted to obtain documentation of the police reports about the burglary and beating, she was threatened by the gang, and told that Moreno-Ortega would be killed if he came back.

The IJ denied Moreno-Ortega's application for asylum because it was not filed within one year of his re-entry to the United States, and he did not establish changed conditions in Mexico that would excuse his untimely application. The IJ considered the requests for withholding of removal and protection under the CAT on the merits. She denied withholding of removal on the grounds that Moreno-Ortega had not suffered past persecution, could not establish the likelihood of persecution on the basis of his membership in a particular social group, and could relocate safely elsewhere in Mexico. The IJ denied the claim for protection under the CAT because Moreno-Ortega had not established that he would be tortured by or with the consent of the Mexican government.

In his appeal to the BIA, Moreno-Ortega challenged the finding that the Mexican government would not be involved in his likely future torture, and he claimed that he reasonably

feared future persecution based on his membership in a particular social group. The BIA agreed with the IJ's findings in every respect and dismissed the appeal.

We granted Moreno-Ortega's motion for a stay of deportation pending this appeal. In his brief before this court, Moreno-Ortega argues that he fears future persecution based on his membership in the social group of his family, which has been threatened by the gang, and because the gang believes he is a potential witness against them for his cousins' murders. He also argues that his asylum application should have been deemed timely due to changed conditions in Mexico.

Moreno-Ortega did not administratively exhaust his claim that his asylum application should have been considered timely due to changed circumstances in Mexico because he did not raise this issue in his appeal to the BIA. We therefore lack jurisdiction to review that claim. *See Lin v. Holder*, 565 F.3d 971, 978 (6th Cir. 2009). Moreover, even if the claim had been raised, we lack jurisdiction to review the IJ's finding that changed conditions did not excuse his untimely asylum application. *See Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006). The petition for review of the denial of the asylum claim must therefore be dismissed.

In order to be entitled to withholding of removal, Moreno-Ortega was required to show that it is more likely than not that his life or freedom would be threatened on account of his membership in a particular social group. *See Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir. 2010). And in order to be entitled to protection under the CAT, Moreno-Ortega was required to show that Mexican authorities would willfully ignore or consent to his torture by La Familia Michoacana. *See Ali v. Reno*, 237 F.3d 591, 597 (6th Cir. 2001). Moreno-Ortega devotes most of his argument to his claim that his family and potential witnesses against the gang constitute social groups to which he belongs that will cause him to be persecuted or tortured.

However, the IJ also found that Moreno-Ortega could avoid persecution by relocating somewhere in Mexico outside of the control of the gang. Moreno-Ortega did not challenge this finding before the BIA. Thus, we lack jurisdiction to review it. *See Lin*, 565 F.3d at 978. His failure to challenge this finding in this appeal is also fatal to his withholding claim. *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1154-55 (6th Cir. 2010). The petition for review of the denial of withholding relief must therefore also be dismissed for lack of jurisdiction or denied due to his waiver of this dispositive issue. Moreno-Ortega's claim for protection under the CAT is also rendered meritless by the fact that he failed to challenge the IJ's conclusion that he could safely relocate within Mexico. *See Suarez-Valenzuela v. Holder*, 714 F.3d 241, 249 (4th Cir. 2013). The petition for review of the denial of Moreno-Ortega's request for protection under the CAT therefore must be denied based on his waiver of this dispositive issue.

Accordingly, we dismiss the petition for review in part and deny it in part.