NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0078n.06

No. 18-3564

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ROSA CHIROY-MELCHOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

FILED
Feb 15, 2019
DEBORAH S. HUNT, Clerk

BEFORE: McKEAGUE, GRIFFIN, and NALBANDIAN, Circuit Judges.

PER CURIAM. Rosa Chiroy-Melchor, a native and citizen of Guatemala, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her asylum application. We **DENY** the petition for review.

I.

Chiroy-Melchor entered the United States without inspection in January 2014, when she was twenty-three years old. Upon her apprehension in Arizona, the Department of Homeland Security served Chiroy-Melchor with a notice to appear in removal proceedings, charging her with removability as an alien lacking a valid entry document when she sought admission to the United States. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). Chiroy-Melchor appeared before an immigration judge (IJ), admitted the factual allegations set forth in the notice to appear, and conceded removability as charged.

Chiroy-Melchor filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), seeking relief based on her race and membership in a particular social group. Chiroy-Melchor alleged in her application that her brothers-in-law harassed and attempted to rape her and that they will rape and kill her and her daughter if she returns to Guatemala. At the merits hearing before the IJ, Chiroy-Melchor testified that she came to the United States because her brothers-in-law were threatening her. According to Chiroy-Melchor, her brother-in-law, Hermenegildo, tried to rape her when she was eight years old and continued to harass her after that. Chiroy-Melchor testified that Hermenegildo left her alone after she got married in 2005, but resumed harassing her when her husband left for the United States in 2010. Another brother-in-law, Francisco, also harassed Chiroy-Melchor beginning in 2013. At the conclusion of the hearing, Chiroy-Melchor claimed persecution based on her membership in two particular social groups: (1) the Chiroy-Melchor family and (2) Guatemalan women who lack effective familial protection.

The IJ subsequently denied Chiroy-Melchor's application for asylum, withholding of removal, and CAT protection and ordered her removal to Guatemala. The IJ found Chiroy-Melchor to be credible but found, despite discrepancies between her testimony and her written submissions, that the sexual advances of her brothers-in-law did not constitute persecution. The IJ rejected Chiroy-Melchor's particular social groups because she had failed to show that the Chiroy-Melchor family was socially distinct within Guatemalan society or that the lack of effective familial protection was an immutable characteristic. The IJ further noted that Chiroy-Melchor had failed to explain why she could not relocate within Guatemala and that her daughter remained in Guatemala unharmed. Because Chiroy-Melchor had not demonstrated a well-founded fear of persecution to support her asylum claim, the IJ determined, she could not show a clear probability of persecution to qualify for withholding of removal. As for her claim for CAT protection, the IJ

concluded that Chiroy-Melchor had failed to prove a clear probability of torture if she returned to Guatemala.

On appeal to the BIA, Chiroy-Melchor argued that the IJ failed to consider her "gender, her status as an indigenous Achi Mayan in Guatemala, and her membership in a particular social group" in denying her application. Chiroy-Melchor asserted that she was entitled to asylum and withholding of removal because she "suffered past persecution due to her sex and ethnicity and has a presumption of . . . a well-founded fear of future persecution." The BIA dismissed Chiroy-Melchor's appeal. The BIA pointed out that Chiroy-Melchor asserted two particular social groups before the IJ: (1) the Chiroy-Melchor family and (2) Guatemalan women who lack effective familial protection. Because Chiroy-Melchor did "not meaningfully contest the Immigration Judge's conclusion that neither of these proffered particular social groups is cognizable," the BIA deemed the issue abandoned. The BIA refused to address the particular social groups asserted by Chiroy-Melchor for the first time on appeal. The BIA went on to conclude that, without a nexus to a protected ground, Chiroy-Melchor could not demonstrate past persecution or a well-founded fear of persecution on account of a protected ground and therefore could not satisfy her burden of proof for asylum or the more stringent standard for withholding of removal. Finally, the BIA declined to disturb the IJ's determination that Chiroy-Melchor had failed to meet her burden of proof for CAT protection.

This timely petition for review followed. Chiroy-Melchor's brief in support of her petition does not address her claims for withholding of removal and CAT protection. Chiroy-Melchor has therefore forfeited any challenge to the agency's denial of those claims by failing to raise them before this court. *See Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

II.

"Where, as here, the BIA issues its own decision rather than summarily affirming the IJ, the BIA decision is reviewed as the final agency decision, but the IJ's decision is also reviewed to the extent that the BIA adopted it." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). We review the agency's factual findings, including the determination that the alien failed to establish eligibility for asylum, for substantial evidence, *Ramaj v. Gonzales*, 466 F.3d 520, 527 (6th Cir. 2006), reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "An alien who seeks asylum must establish that she meets the definition of a 'refugee,' which means a person who is unable or unwilling to return to her home country because of past persecution or a 'well-founded fear' of future persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(42)).

The BIA affirmed the IJ's denial of asylum on the basis that, in the absence of a nexus between her alleged persecution and a statutorily protected ground, Chiroy-Melchor could not demonstrate past persecution or a well-founded fear of persecution on account of such a protected ground. Pointing out that the nexus issue was dispositive, the BIA expressly declined to address Chiroy-Melchor's other arguments in support of her asylum claim. Because our review is limited to the issues decided by the BIA, *see INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam), Chiroy-Melchor's arguments about issues other than the dispositive nexus issue are misplaced.

In support of her petition for review, Chiroy-Melchor contends that she established an adequate nexus between the harm suffered by her and her membership in the proposed particular social group of Guatemalan women without effective familial protection. But Chiroy-Melchor failed to assert this particular social group in her appeal to the BIA. We lack jurisdiction to review

issues that were not exhausted before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Lin v. Holder*, 565 F.3d 971, 978 (6th Cir. 2009). Because Chiroy-Melchor's appeal did "not meaningfully contest" the IJ's conclusion that her proposed particular social group of Guatemalan women who lack effective familial protection was not cognizable, the BIA deemed the issue abandoned. Chiroy-Melchor has forfeited any challenge to the BIA's forfeiture ruling by failing to raise the issue before this court. *See Shkabari*, 427 F.3d at 327 n.1. Chiroy-Melchor's brief in support of her petition for review also fails to address the other particular social groups that she proposed before the IJ and the BIA, thereby forfeiting review of those issues as well.

### III.

Given that Chiroy-Melchor failed to exhaust her administrative remedies and also forfeited arguments with respect to defining a particular social group and establishing a nexus between the alleged persecution and her membership in a cognizable group, the record does not compel the conclusion that she is eligible for asylum. Accordingly, we **DENY** Chiroy-Melchor's petition for review.