NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0318n.06

Case No. 18-3830

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FRANCISCA SIOMARA MAJANO-DE ) 
HERNANDEZ; INMAR OSWALDO )
HERNANDEZ-REYES; RONALD MISAEL )
HERNANDEZ-MAJANO; LUIS ENRIQUE )
HERNANDEZ-MAJANO, )
           )
        Petitioners, )
           )
v. )
           )
WILLIAM P. BARR, Attorney General, )
           )
        Respondent. )

**FILED**
Jun 24, 2019
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS

BEFORE: NORRIS, CLAY, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Francisca Siomara Majano-De Hernandez, her husband Inmar Oswaldo Hernandez-Reyes, and their two sons Luis Enrique and Ronald Misael challenge the Board of Immigration Appeals' denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture. We deny their petition for review.

Each family member is a citizen of El Salvador. In 2014, they entered the United States illegally, and the Department of Homeland Security before long began removal proceedings against them. They conceded their removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture.

In their defense, the family members said they came to the United States to escape the MS-18 gang. A gang member twice called Francisca and told her that unless she gave the gang $500 he would harm her family. Francisca paid the money and did not tell the police what had happened. A few months later, she received two notes demanding more cash. She didn't pay, and her family came to the United States about six months later.

The immigration judge denied their application, reasoning that they failed to show they had been persecuted or reasonably feared persecution based on membership in a recognized social group. The judge determined that they could not establish eligibility for protection under the Convention Against Torture because they could not show that the government would acquiesce in their torture.

The Board of Immigration Appeals agreed.

We review the Board's decision as the final agency determination, examining the immigration judge's opinion where the Board adopted it. *Al-Saka v. Sessions*, 904 F.3d 427, 430 (6th Cir. 2018). We must uphold the Board's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Lin v. Holder*, 565 F.3d 971, 976 (6th Cir. 2009).

*Asylum and Withholding.* To establish eligibility for asylum, petitioners must prove they are "refugee[s]." 8 U.S.C. § 1158(b)(1)(A), (B)(i). That requires them to show they cannot return to El Salvador "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1101(a)(42)(A). To prove this kind of persecution, petitioners must establish that they were or will be targeted for abuse based on one of the protected categories. *Stserba v. Holder*, 646 F.3d 964, 972 (6th Cir. 2011).

2

That's just what happened, they say. They suffered persecution in the past and fear it in the future, they claim, due to membership in two social groups: (1) their family and (2) Salvadorans who defy MS-18. But the record does not support that conclusion.

Start with past persecution. In support of the application, Francisca and Inmar testified that a gang member threatened them because they had family members in the United States and thus were perceived as wealthy. In some circumstances, we have said, a family may constitute a particular social group. *See Al-Ghorbani v. Holder*, 585 F.3d 980, 995 (6th Cir. 2009). But the gang's attempts at extortion were motivated by a desire for profit, not to harm petitioners because of their family ties. When harming a family is a *means* to achieve some other goal, not an *end* in itself, it does not constitute persecution "on account of" family membership. *Cruz-Guzman v. Barr*, 920 F.3d 1033, 1037–38 (6th Cir. 2019); *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45–47 (BIA 2017).

The family members also suffered persecution, they claim, because they rebuffed MS-18's threats. But resistance to extortion does not make a person a member of a social group. *Khozhaynova v. Holder*, 641 F.3d 187, 195 (6th Cir. 2011). Nor is there any nexus between this purported group and the threats petitioners faced. The gang targeted them based on their perceived wealth, not their attitudes about the gang. *See id.* at 196.

Petitioners also failed to prove a well-founded fear of future persecution. Because they have not shown past persecution, they must independently establish that their fear of future persecution on a protected ground is subjectively genuine and objectively reasonable. *See* 8 C.F.R. § 1208.13(b)(1), (2); *Kukalo v. Holder*, 744 F.3d 395, 401 (6th Cir. 2011). Because the feared persecution is not motivated by membership in a social group, they cannot do so. More: After petitioners failed to pay the money the gang demanded, nothing happened to them for more than

six months, after which they left the country. Nor has anything happened to their family members who still reside in El Salvador. On this record, petitioners' fear of persecution should they return home is not objectively reasonable.

A withholding-of-removal claim requires an applicant to pass the same test used for asylum but at a higher standard of proof. *See* 8 U.S.C. § 1231(b)(3)(A); *Lin*, 565 F.3d at 979. Because petitioners failed to establish eligibility for asylum, they cannot meet the bar for withholding of removal.

*Convention Against Torture.* Petitioners add that the Board failed to base its denial of relief under the Convention Against Torture on substantial evidence. To prove eligibility for protection under the Convention, petitioners need to show that it is "more likely than not that [they] would be tortured if removed to" El Salvador. 8 C.F.R. § 1208.16(c)(2). Torture covers acts inflicted by the government or with its consent or acquiescence. *Id.* § 1208.18(a)(1).

Petitioners do not argue that the Salvadoran government would torture them if they returned home. They fear MS-18. But they did not advance any evidence showing the government would consent to the gang's torturing them. And because petitioners never told the government about the threats, the authorities never had a chance to acquiesce in any violence against them. The government's failure to check gang violence, lamentable though it is, does not amount to consent or acquiescence in torture. *See Zaldana Menijar v. Lynch*, 812 F.3d 491, 501–02 (6th Cir. 2015).

Petitioners respond that their testimony, supported by country-conditions evidence, shows that the Salvadoran government is united with the gang. But no record evidence requires that conclusion.

We deny the petition for review.

4