**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0337n.06

No. 12-3512

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 04, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| FARSAT FARHAN SILEVANY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) ON PETITION FOR REVIEW |
| ERIC H. HOLDER, JR., Attorney General, | ) OF THE BOARD OF |
| | ) IMMIGRATION APPEALS |
| Respondent. | ) |
| | ) |

**BEFORE: KEITH, COLE and ROGERS, Circuit Judges.**

**Per Curiam**. Petitioner Farsat Farhan Silevany is a Kurdish Iraqi who had been granted asylum and legal permanent resident status. Silevany, who suffers from mental illness, had been convicted of multiple crimes, among them resisting and obstructing an officer ("R & O"). Subsequent to his R & O conviction, the Department of Homeland Security ("DHS") initiated removal proceedings asserting that Silevany's convictions made him removable. The immigration judge ("IJ") found Petitioner removable and denied Silevany's applications for relief. The Board of Immigration Appeals ("BIA" or "Board") affirmed the IJ's denial. Petitioner now seeks withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT").

Silevany raises three issues on appeal. He argues: 1) that his R & O conviction is not an aggravated felony or a particularly serious crime that disqualifies him for withholding of removal; 2) that he is eligible for withholding of removal under the INA and the CAT; and 3) that he was denied due process because the IJ did not modify the hearing to accommodate his mental illness.

Because Silevany's first two claims are statutorily barred from judicial review by the Criminal Immigrant Bar, 8 U.S.C. § 1252(a)(2)(C), and his due process claim is meritless, we **DENY** Silevany's petition for relief.[1]

## BACKGROUND

### *Petitioner's Background*

Petitioner is an Iraqi Kurd. With his parents and four siblings, he was airlifted out of Iraq following the first Gulf War because of his father and brother's assistance to U.S. military efforts. Silevany was eventually granted asylum. He subsequently adjusted his status to that of a lawful permanent resident on March 11, 1998. He never adjusted his status to that of a citizen. At some point, Petitioner developed a mental illness. He was diagnosed with bipolar disorder in 2006. Throughout the years, he was convicted of attempted fourth degree criminal sexual conduct, fourth degree criminal sexual conduct, larceny under $200, retail fraud, and resisting and obstructing an officer with injury ("R & O"). After his R & O conviction, DHS instituted removal proceedings on November 8, 2010, alleging Silevany was removable because he had been convicted of an aggravated felony and multiple crimes involving moral turpitude, in violation of the INA.

---

[1] Silevany also argues that he is a naturalized citizen, and therefore, is not removable. Silevany's counsel concedes that this argument is not ripe for judicial review.

### *Removal Proceedings*

Represented by counsel, Silevany denied that he was removable. After the IJ sustained the charges, Silevany applied for withholding of removal under the INA and the CAT. A merits hearing was held on January 4, 2012.

### *Evidence Regarding Petitioner's Claim for Relief*

Silevany testified that he feared returning to Iraq for multiple reasons: 1) Kurdistan, the region to which he would be returned, was anti-American and thus, he would be targeted for his family's assistance to the U.S. military and his own Americanization; 2) Kurdistan lacked a military presence; 3) the Kurdish government is comprised of anti-American Muslims and the Taliban; and 4) he is Christian.

### *Evidence Regarding Petitioner's Criminal Record*

Silevany testified regarding his R & O conviction. He related that the incident began because a vehicle rear-ended him while he had been on the shoulder of the road. When the police came, a tussle ensued between Petitioner and the officers. According to Silevany, he punched an officer on the arm. Silevany also submitted the police report regarding the R & O conviction, which noted that one officer sustained a bloody nose due to Petitioner's resistance. Silevany also testified about some of his other convictions: two convictions related to fourth degree criminal sexual conduct and one conviction for retail fraud.

Petitioner added a disclaimer that he was not good at remembering dates because he had been diagnosed with a bipolar disorder which affected his memory. He was prescribed medication for his disorder and was on the medications at the time of the R & O violation and at the time of the hearing.

He claimed his prescriptions kept him calm and out of trouble, but did not enhance his memory.

Neither Petitioner nor Petitioner's counsel ever claimed Silevany lacked competency to testify at his hearing.

Certified records of Silevany's criminal convictions were also submitted to the IJ. They included:

1) misdemeanor larceny of less than $200 in violation of Michigan Compiled Laws § 750.356(5), for which Silevany was ordered to pay a fine and restitution on July 27, 2004.

2) fourth degree misdemeanor criminal sexual conduct in violation of Michigan Compiled Laws § 750.520e(1)(b), to which he pleaded guilty on July 20, 2005. He was sentenced to a term of 330 days imprisonment.[2]

3) third degree misdemeanor retail fraud in violation of Michigan Compiled Laws § 750.356d(4), to which he pleaded guilty on January 9, 2006. He was sentenced to thirty days imprisonment and placed on one year probation.[3]

4) attempted fourth degree misdemeanor criminal sexual conduct in violation of Michigan Compiled Laws § 750.520e(1)(b), to which he pleaded no contest. He was sentenced to one year of imprisonment on March 19, 2009.[4]

5) felony R & O, to which he pleaded guilty. He was sentenced to a term of 26–72 months in prison on June 10, 2009.

---

[2] Silevany testified that he committed this violation when he grabbed a fellow student's breasts while at Lansing Community College.

[3] Silevany testified that this violation arose out of his theft of a bottle of liquor.

[4] Silevany testified that he committed this violation against a fellow patient at a mental hospital.

### *The Immigration Judge's Decision*

The IJ determined that Silevany's convictions for R & O and criminal sexual conduct qualified as aggravated felonies. Thus, the IJ found Petitioner removable for being convicted of an aggravated felony in violation of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii). The IJ also found his larceny and criminal sexual conduct convictions each met the definition of a crime involving moral turpitude, and thus, Petitioner was also removable for being convicted of two or more crimes of moral turpitude in violation of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii). Finally, the IJ found Petitioner was not entitled to withholding of removal because his R & O conviction was a particularly serious crime under the INA. 8 U.S.C. § 1231(b)(3)(B)(ii). The IJ rejected Silevany's argument that his bipolar disorder was a relevant factor in the particularly serious crime determination because he had been found competent to stand trial, and he had not raised his condition as a defense during the relevant criminal proceedings.

The IJ denied Silevany's INA claim for withholding of removal and found that his testimony was not credible because: 1) it was vague; 2) his feared persecutors—the Taliban—were not active in Iraq; 3) he had no evidence of his conversion to Christianity; and 4) a State Department report contradicted his statements about the Kurdish region. Lastly, the IJ denied Silevany's application for withholding or deferral of removal under the CAT because he did not give any reason why the Kurdish government would seek to harm him or provide any evidence that the government was anti-American.

***The Board of Immigration Appeals' Decision***

Petitioner timely appealed the IJ's decision to the Board. In his brief, he did not challenge the presence of the underlying bases for his removal. Instead, he challenged the bases for denying him withholding of removal: 1) the determinations regarding his R & O conviction, 2) the determination that his conviction for criminal sexual conduct was an aggravated felony, 3) the adverse credibility determination, 4) the determination that he failed to establish a clear probability of future persecution on account of his religion or nationality, 5) the finding that he failed to demonstrate a clear probability of torture, and 6) the denial of deferral of removal under the CAT. The Board dismissed Petitioner's appeal. It affirmed the IJ's determination that Petitioner's R & O conviction was a particularly serious crime. The Board also found that Silevany failed to meet his burden of proof for withholding of removal because of the IJ's adverse credibility determination, which the Board affirmed. The Board also affirmed the IJ's denial of Silevany's CAT claim. The instant petition for review followed.

## STANDARD OF REVIEW

We confine our review to the actual order of the Board, but we may also review the underlying decision when, as is the case here, the Board expressly "adopts and affirms the IJ's decision but adds comments of its own." *Elias v. Gonzales*, 490 F.3d 444, 449 (6th Cir. 2007). Factual findings are upheld so long as the decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Abay v. Ashcroft*, 368 F.3d 634, 637 (6th Cir. 2004) (quoting *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998).

## ANALYSIS

**I.      The Criminal Immigrant Bar**

As an initial matter, our review of Silevany's petition is severely limited by the Criminal Immigrant Bar. *See* 8 U.S.C. § 1252(a)(2)(C). When an immigrant has been removed on the basis of his conviction for certain crimes, "no court shall have jurisdiction to review any final order of removal," except for constitutional questions and questions of law. 8 U.S.C. § 1252(a)(2)(C) & (D). Pertinent to the present case, convictions precluding appeal include an aggravated felony and two or more convictions for crimes of moral turpitude. 8 U.S.C. § 1252 (a)(2)(C). Thus, to determine whether we can address Silevany's challenge to the denial of relief from removal, we must first examine his challenges to the removal order.

The IJ found Silevany removable on several bases: she determined that two of Silevany's convictions each individually constituted aggravated felonies and that he had two or more convictions for crimes of moral turpitude. These determinations create three separate bases to preclude judicial review of Silevany's removal order under the Criminal Immigrant Bar. 8 U.S.C. § 1252 (a)(2)(C).

Silevany has not challenged all of the bases for his removal. Specifically, Silevany has never appealed the IJ's determination that he is removable for having at least two convictions for crimes of moral turpitude. Thus, he is still removable on this basis and the Criminal Immigrant Bar precludes review of his final removal order.

## II.    Due Process

Notwithstanding the Criminal Immigrant Bar, Silevany's constitutional due process claim

remains. *See* 8 U.S.C. § 1252(a)(2)(D).  Silevany appears to assert a due process claim by arguing

that the IJ did not provide him with a fair hearing in light of his mental illness.  He argues that

because he submitted medical records documenting his mental illness and testified to memory

difficulties, his vague answers indicated that he needed additional safeguards to protect the fairness

of the hearing.  Because Petitioner has not identified the safeguards he asserts to have needed, we

are without a basis to grant him relief.

Alleged due process violations in removal proceedings are reviewed *de novo*.  *Hassan v.*

*Gonzales*, 403 F.3d 429, 435 (6th Cir. 2005) (internal citation and quotations omitted).  Although

IJs retain "broad discretion in conducting [a removal] hearing," the Fifth Amendment entitles

immigrants facing deportation "to a full and fair hearing." *Lin v. Holder*, 565 F.3d 971, 979 (6th

Cir. 2009) (quoting *Castellano-Chacon v. INS*, 341 F.3d 533, 553 (6th Cir. 2003).  A due process

violation occurs only when the proceeding was so fundamentally unfair that the applicant was

prevented from reasonably presenting her or his case. *Hassan*, 403 F.3d at 436.  The applicant must

satisfy a high standard, showing "not only error, but also substantial prejudice." *Lin*, 565 F.3d at 979

(internal quotation marks omitted).  Substantial prejudice is shown if "the alleged violation affected

the outcome of the proceeding." *Id*.

Aside from asserting that the IJ "rejected his medical records and restricted [his] testimony

and presentation of the evidence to the point where he was unable to present his claim for relief,"

Silevany does not illuminate how the IJ prevented him from reasonably presenting his case.  Pet. Br.

at 26. Silevany did request extra consideration of his mental health in the IJ's determination regarding his R & O conviction. However, neither Silevany nor Silevany's counsel, who represented him throughout his removal proceeding, alerted the IJ that Petitioner needed any additional safeguards to testify regarding his claims for relief. Nor do Petitioner's medical records indicate any need for additional safeguards. Thus, the IJ's failure to enact unspecified accommodations for Silevany's mental illness does not satisfy the difficult standard required to demonstrate a due process violation: that the hearing was so fundamentally unfair that Petitioner was prevented from reasonably presenting his case.

## CONCLUSION

For the foregoing reasons, we **DENY** the petition in its entirety.