**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0705n.06

**No. 12-4331**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
*Aug 01, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JING HE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney | ) | |
| General of the United States, | ) | |
| | ) | |
| Respondent. | ) | |

Before:  BATCHELDER, Chief Judge; COOK and O'MALLEY, Circuit Judges.*

O'MALLEY, Circuit Judge.  Jing He, a Chinese citizen, petitions for judicial review of a Board of Immigration Appeals ("BIA" or "Board") order dismissing her appeal of an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Although Ms. He requested argument, this panel unanimously agrees that oral argument is not necessary in this case.  Fed. R. App. P. 34(a).  For the following reasons, we DENY Ms. He's petition for review.

I.  BACKGROUND

Ms. He fled China on June 19, 2008.  She claims she did so to avoid persecution by authorities due to her association with Falun Gong, "a spiritual discipline comprised of meditation

---

* The Honorable Kathleen M. O'Malley, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

exercises with moral components, including cultivation of virtue and character." *Lin v. Holder*, 565 F.3d 971, 974 (6th Cir. 2009). The practice of, and belief in, Falun Gong is outlawed in China, and followers have been imprisoned and tortured. Although Ms. He was not a member of Falun Gong while in China, she became interested in the practice there because of her persistent health problems. As a favor to a friend, Ms. He asserts that she distributed pamphlets in her hometown in February 2008 which described the benefits of Falun Gong and urged the government to stop persecuting Falun Gong members. Ms. He stopped distributing pamphlets when her friend was arrested. Ms. He testified that she distributed the pamphlets after dark and had no encounter with Chinese authorities regarding that activity, but claims the police came looking for her at her parents' house on April 28, 2008. Ms. He was in the hospital at the time, and, because her parents told her not to return home, she stayed at a friend's house. According to Ms. He, her parents informed her that the police returned to look for her multiple times. Ms. He left China on June 19, 2008. She was neither harmed nor mistreated while in China and encountered no problems leaving China using her Chinese passport.

Ms. He entered the United States without inspection on August 26, 2008. A Notice to Appear was issued on November 12, 2008. At her February 17, 2009 appearance, Ms. He conceded removability and requested relief in the form of asylum, withholding of removal, and protection under CAT. At a merits hearing on December 8, 2010, Ms. He testified that she could not return to China because she started practicing Falun Gong in the United States, and the police continued to search for her at her parents' home in China. With respect to her practices in the United States, Ms. He explained that she practiced Falun Gong off and on for a few months at a park in Los

Angeles, California in 2009, and did so alone at her home in Arkansas after moving there in April 2009. While Ms. He presented some photos of herself practicing in front of the Chinese Consulate and distributing Falun Gong pamphlets in the United States, she conceded the photos were taken by friends just prior to the hearing in an effort to document her activities.

On December 27, 2010, the IJ denied relief, finding both that Ms. He's testimony was not credible and that, even if accepted, her evidence regarding her activities and fear of persecution was not sufficient to establish a well-founded fear of future persecution. The BIA dismissed Ms. He's appeal, agreeing with the IJ that, even crediting her testimony, Ms. He had not proven past persecution, a well-founded fear of persecution, or that she is more likely than not to be tortured if returned to China. Ms. He timely petitioned for review. We have jurisdiction pursuant to 8 U.S.C. § 1252.

## II. DISCUSSION

"Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination. To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Khalili v. Holder*, 557 F.3d 429, 435 (Fed. Cir. 2009) (internal quotation marks and citations omitted). "In order to reverse the Board's factual determinations, we must find that the evidence 'not only supports a contrary conclusion, but indeed *compels* it.'" *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001) (emphasis in original) (quoting *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992)). We may not reverse simply because we would have come to a different conclusion. *Klawitter*, 970 F.2d at 151-52 (citing

3

*DiCicco v. U.S. Dep't of Justice INS*, 873 F.2d 910, 912 (6th Cir. 1989)). We review legal conclusions *de novo*. *Bi Xia Qu v. Holder*, 618 F.3d 602, 606 (6th Cir. 2010).

To obtain asylum, one must first show that she is a refugee, defined generally as a person "who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [his or her] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Thus, Ms. He needed to establish either past persecution or a well-founded fear of future persecution on one of the protected grounds. *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004).

On appeal, Ms. He does not challenge the Board's decision that she did not suffer past persecution in China. Instead, she argues that the Board failed to properly consider her claim of *future* persecution. To establish a well-founded fear of future persecution, Ms. He must demonstrate: (1) a fear of persecution due to race, religion, nationality, membership in a particular social group, or political opinion; (2) a reasonable possibility of suffering such persecution; and (3) inability or unwillingness to return to China. *Id.*; 8 C.F.R. § 208.13. This Court has recognized that "[a] well-founded fear of persecution thus has both a subjective and an objective component: an alien must actually fear that [s]he will be persecuted upon return to [her] country, and [s]he must present evidence establishing an 'objective situation' under which [her] fear can be deemed reasonable." *Pilica*, 388 F.3d at 950.

The Board agreed with the IJ that Ms. He failed to establish a well-founded fear of persecution or that she is likely to be persecuted if she returns to China. In reaching this conclusion,

4

the Board noted that: (1) Ms. He was not arrested, questioned, "or in any way harmed prior to leaving China"; (2) there was no evidence that her "activities and profile were so well-known" that she had a "well-founded fear of persecution in China upon her return"; and (3) Ms. He failed to provide any "corroboration from her parents of the Chinese authorities' alleged continued interest in her whereabouts." Joint Appendix at 4 (BIA Decision at 2).

Ms. He argues that the Board improperly focused solely on her past activities in China and failed to consider her activities in the United States. The Board did not limit its analysis to Ms. He's activities in China, however. Instead, the Board affirmed the IJ's finding that Ms. He failed to provide any evidence establishing that authorities in China were aware of her current activities or corroborating her claim that the Chinese government has shown a continuing interest in her. The Board, like the IJ noted the absence of any affidavit or even letter from her parents confirming continued interest in Ms. He beyond June of 2008. In other words, the Board agreed with the IJ that there simply was insufficient evidence that the Chinese authorities were aware of her activities, past or otherwise, and would target her upon her return to China.[1]

Next, Ms. He argues that the Board erred when it determined that only "well-known" Falun Gong practitioners can demonstrate a well-founded fear of persecution. Ms. He takes the Board's statement out of context. The Board did not say that only famous or widely-known Falun Gong practitioners can have a fear of persecution. Instead, the Board simply stated that there was no

---

[1] Ms. He argues that the Board's use of the past tense in its decision implies that it did not consider her activities in the United States. Because the Board's decision is not limited to Ms. He's past activities, and instead refers to her activities generally, we find her argument unpersuasive.

5

record evidence that Ms. He and her activities were known to the Chinese government such that she would have a well-founded fear of persecution in China upon her return. Ms. He's own testimony makes clear that her Falun Gong activities in the United States were limited and largely conducted in isolation. Importantly, as the government points out, the mere fact that Ms. He "may practice Falun Gong in the United States does not automatically render her eligible for asylum" particularly since there is "nothing in the record to show that she has an individualized risk of future harm." Respondents' Br. 22.

Because the record does not compel a conclusion contrary to that of the BIA on Ms. He's asylum claim, her petition is dismissed as to that claim. In addition, because we find no error in the BIA's decision to affirm the denial of Ms. He's asylum claim, we need not address her withholding of removal and CAT claims, which both require more substantial showings. *See Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir. 1998) (*citing INS v. Cardoza-Fonesca*, 480 U.S. 421, 431-32 (1987)) ("An application seeking withholding of deportation faces a more stringent burden of proof than one for asylum."); *see also* 8 C.F.R. § 1208.16(c)(2) (withholding of removal under the CAT requires a finding that the applicant will "more likely than not" be tortured if removed).

### III. CONCLUSION

For the foregoing reasons, we DENY Ms. He's petition for review of the BIA's decision.