NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0168n.06

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Feb 28, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HAROUNA SAMBA NGAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE: GILMAN, COOK, and McKEAGUE, Circuit Judges.

COOK, Circuit Judge. Harouna Ngam, a citizen of Mauritania who alleges that he suffered persecution on account of his political activism, seeks asylum and withholding of removal. An immigration judge ("IJ") denied Ngam's application, finding him not credible and pointing to a lack of corroborating evidence. The Board of Immigration Appeals ("BIA") affirmed. Discerning no error, we dismiss in part and deny in part Ngam's petition for review.

I.

According to Ngam, he fled Mauritania in August 2008 after discovering that the government issued a warrant for his arrest. Following a brief stop in Senegal, he claims to have come to the United States in September 2008 using a fraudulent passport. After interviewing

him, an asylum officer referred Ngam's May 2009 asylum application to an IJ for further consideration. Before the IJ, Ngam conceded his removability but requested asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). He testified that Mauritanian police arrested and beat him multiple times between 1999 and the day he fled Mauritania, citing two reasons for their hostility: his association with his politically active brother, and his connection to the Alliance Populaire Progressiste ("APP"), an anti-slavery advocacy group.

The IJ denied Ngam's application and ordered his removal, finding that (1) he failed to demonstrate by clear and convincing evidence that he filed his asylum application within one year of arriving in the United States, as required by 8 U.S.C. § 1158(a)(2)(B); and (2) even if timely, he failed to prove his eligibility for asylum, withholding of removal, or protection under the CAT. Citing inconsistencies in his testimony and written application, the IJ found Ngam not credible. The IJ also emphasized Ngam's failure to produce corroborating evidence. The BIA dismissed Ngam's appeal, and he now petitions for review of that decision.

II.

Ngam challenges the denial of his applications for asylum and withholding of removal.[1] But, as pointed out by the government, the Immigration and Nationality Act circumscribes our jurisdiction to review asylum-application-timeliness determinations. *See* 8 U.S.C. § 1158(a)(3). In particular, "we have jurisdiction to review asylum applications denied for untimeliness only when the appeal seeks review of constitutional claims or matters of statutory construction, not

---

[1] Ngam asserts no error in the denial of his application for protection under the CAT, thereby forfeiting any right to relief on that issue. *See Kuhn v. Wastenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013).

when the question is discretionary or factual." *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011) (internal quotation marks omitted). Here, Ngam raises no constitutional or statutory issue, disputing only the IJ's evidentiary and credibility determinations. We thus lack jurisdiction to consider Ngam's asylum application. *See id.* at 192 (dismissing for want of jurisdiction "[b]ecause [the petitioner's] argument [concerning her] submission of a timely asylum application is predominately factual").

As for Ngam's application for withholding of removal, "the Attorney General may not remove an alien . . . if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Ngam bears the burden of establishing his eligibility for withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B); 8 U.S.C. § 1231(b)(3)(C). Because the BIA issued "a separate opinion, . . . we review the BIA's decision as the final agency determination," but we also consider the IJ's reasoning "[t]o the extent the BIA adopted the [IJ's] reasoning." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the IJ's and BIA's findings for substantial evidence. *Khozhaynova*, 641 F.3d at 193; *see also* 8 U.S.C. § 1252(b)(4)(B). Accordingly, "[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Ngam fails to demonstrate that the evidence compels reversal. First, as found by the IJ, Ngam's testimony contradicted itself and his written asylum application. For instance, his application says that he "was arrested several times . . . from 1999 to 2003." But at his hearing, he testified that police arrested him multiple times over a two-month period in 1999 and then did

not arrest him again until 2005. When asked about this discrepancy, Ngam attempted to distinguish formal arrests from informal detentions, saying, "those arrests I'm telling you is like [sic] when they just arrest you and they don't charge you with nothing [sic] and just let you go." He renews this argument here. But, regardless of the precise nature of the police action, he fails to explain why he said these arrests or detentions occurred over a four-year period on his application as opposed to a two-month period in his testimony. He also attempts to distinguish arrests motivated by his relationship to his brother from other arrests. Yet, on both his application and in his testimony, Ngam mentioned his arrests during this amorphous time period only in reference to his brother, providing no details concerning other arrests that might resolve this time-period discrepancy. He also offers no explanation for why, at a different point in his testimony, he said that the police arrested him only three times, once each in 1999, 2005, and 2007.

Further compounding his inconsistency concerning his alleged prior arrests, Ngam wrote in his application that he "had been arrested a few days before [the issuance of his arrest warrant in 2008] and tortured for five days without trial." At his hearing, however, he testified that his last arrest occurred in April 2007. The notes of the asylum officer who interviewed Ngam also say a last arrest occurred in 2008, contravening his testimony.

These multiple inconsistencies amply support the IJ's adverse credibility finding. *See Dugboe v. Holder*, 644 F.3d 462, 472 (6th Cir. 2011) (holding that various inconsistencies about claimed past harm supported the IJ's adverse credibility finding). Indeed, § 1158 provides that inconsistencies may support an adverse credibility determination "without regard to whether an

inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Second, the IJ observed that Ngam "was evasive and frequently non-responsive in his answers to questions both on direct and cross-examination." We give this finding great weight, as "[t]he [IJ] is in the best position to determine credibility based on the demeanor of the witness and the presentation of testimony." *Diallo v. Holder*, 312 F. App'x 790, 801 (6th Cir. 2009). Ngam insists that we should disregard this finding for lack of specificity, citing a Ninth Circuit decision that declined to credit an IJ's adverse credibility finding due to the IJ's failure to give concrete reasons for his finding. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 685-87 (9th Cir. 2003) ("It is improper for the [IJ] to have made '[g]eneralized statements that do not identify specific examples of evasiveness or contradiction in the petitioner's testimony.'"). But *Arulampalam* offers Ngam no support, as the IJ here set forth numerous examples of Ngam's contradictory testimony.

Third, Ngam provided little probative evidence corroborating his testimony, fatally undermining his application for withholding of removal. "Even if the [IJ] finds the applicant to be credible, where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the . . . applicant's claim, such evidence should be provided." *Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009) (internal quotation marks omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii). "The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet her burden of proof." *Lin*, 565 F.3d at 977.

For example, Ngam supplied no documentation to substantiate his claims that he received medical attention following his beatings by police. He also testified that he maintains close

contact with family members in Mauritania who knew of his arrests and persecution. Yet, he submitted only a single affidavit from his father that contains no details concerning Ngam's arrests due to his association with the APP; instead, it vaguely mentions that Ngam "got questioned by the local authorities and severely mistreated and then released [sic] without an explanation for his arrest being provided." Ngam provided no affidavits from his wife, children, or others who could corroborate his claims concerning his past persecution or his flight to the United States. Further, Ngam asserted at his hearing that his brother had planned to testify but became unavailable due to a car accident. Ngam could not explain his failure to submit a written affidavit instead.

Last, the other evidence Ngam did provide falls far short of satisfying his burden. Given the adverse credibility finding, the BIA and IJ properly discounted the 2008 arrest warrant provided by Ngam, as Ngam could not explain how, precisely, he obtained the document, stating only that a family friend who worked for the police gave it to his uncle, who in turn gave it to Ngam. Ngam offered no affidavit from his uncle or the family friend to authenticate the warrant. Rather, Ngam furnished only one other affidavit from an acquaintance detailing his meeting with Ngam in New York and ferrying him to Cincinnati—information not relevant to Ngam's eligibility for withholding of removal. And the other evidence submitted by Ngam— identification and other miscellaneous documents—likewise lack probative value. In the absence of evidence compelling us to overturn the IJ and BIA's decision to deny Ngam's application for withholding of removal, we leave it undisturbed.

III.

For these reasons, we DISMISS for lack of jurisdiction the petition for review of Ngam's application for asylum and DENY his petition for review of his application for withholding of removal.