NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0335n.06

No. 13-3666

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JINFA CHEN | ) | |
| | ) | **FILED** |
| Petitioner, | ) | Apr 28, 2014 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, Jr., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |
| | ) | |

Before: NORRIS, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Jinfa Chen petitions for review of the Board of Immigration Appeals' order denying his application for asylum and withholding of removal, and dismissing his claim for relief under the Convention Against Torture. We deny the petition in part and dismiss it in part.

I.

Chen is a native and citizen of the People's Republic of China. He unlawfully entered the United States in 2012. Soon after, the Department of Homeland Security sought to remove Chen. Chen conceded removability but applied for asylum, withholding of removal, and CAT protection on the ground that he feared persecution based on his resistance to China's family-planning policies.

In his asylum application, Chen stated that he married his wife, Dong Bi Xia, in 2000 and that she gave birth to their first son one year later. Shortly thereafter, Chinese family-planning officials forced Bi Xia to use an Intrauterine Device (IUD) for birth control. Four years later, however, Bi Xia became pregnant after her "IUD fell off." Chen and Bi Xia left their village to go into hiding during the pregnancy. They did not "dare[] to return home" after the birth of their second son because they "were afraid that [they] would be arrested by the family planning cadres to undergo sterilization."

In 2005, Chinese officials discovered their hiding spot. While Chen was not home, the officials "forcibly took [his] wife to the hospital to immediately undergo sterilization." The hospital's doctors, however, refused to sterilize Bi Xia because she was suffering from an unspecified gynecological illness. Instead of sterilization, the officials fined Chen and his wife 25,000 Yuan for violating China's family-planning policy.

Four years later, officials again "rushed into" their home and "dragged" Bi Xia away to be sterilized. This time, Chen was at home when the officials came and he tried to stop them from taking his wife. The officials arrested Chen and took him to the village's family-planning office, where they detained and beat him. The officials released Chen after Bi Xia had been sterilized and released from the hospital. Chen then began to complain about the family-planning policies to other villagers. Officials arrested and imprisoned him for these comments in April 2012. Chen escaped prison after Bi Xia bribed the gatekeeper. He then went into hiding before fleeing to the United States in June 2012.

At his hearing before an Immigration Judge, Chen's story changed in a number of ways. For example, he testified that during the forced sterilization of his wife in 2009, the family-planning officials detained him at the town's hospital, not the family-planning office as he stated

in his asylum application. He also testified that he and his wife returned home to their village two weeks after she had given birth to their second son, and that the officials first attempted to take his wife for forced sterilization from there, not from their hiding spot as he stated in his application. In addition, Chen testified that he had another "problem" with the Chinese officials in July 2012 even though his asylum application stated that he departed China in June 2012.

Based on these inconsistencies, the IJ found Chen not credible and denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The BIA affirmed. This petition followed.

II.

As an initial matter, the government argues that we lack jurisdiction to review the only argument that Chen makes in his petition for review: that the IJ and BIA erred in finding Chen not credible because each failed to consider all relevant factors. Specifically, Chen contends that "the agency erred by ignoring clear indicia of [his] mental difficulties," and failed to investigate his possible mental incompetence as required by BIA precedent. *See Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011). The government says that Chen could have made that argument before the BIA, but did not; thus, Chen failed to exhaust his administrative remedies.

We lack jurisdiction to consider unexhausted issues. 8 U.S.C. § 1252(d)(1); *Lin v. Holder*, 565 F.3d 971, 978 (6th Cir. 2009). An issue has been exhausted only if it was "properly presented to the BIA and considered on [its] merits[.]" *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004). A petitioner must have "reasonably developed" that issue in his brief to the BIA. *Khalili v. Holder*, 557 F.3d 429, 433 (6th Cir. 2009).

Here, Chen's brief before the BIA included only one issue that bears any resemblance to the one he raises now in his petition. Before the BIA, Chen argued that the IJ "ignored critical

contextual realities attending to Chen's testimony: his virtual lack of any education, as well as the fact that he was testifying from within a detention facility[.]" Based on that argument, Chen contends that he "reasonably developed the issue of his mental state in his brief to the board below." But Chen never argued during the IJ hearing that "Chen's testimony" itself indicated that he might be "mentally challenged." Nor did he argue that the IJ failed to consider whether Chen was mentally competent to participate in his removal hearing. Nor did he argue that the IJ's failure to evaluate his mental competence invalidated the IJ's credibility determination. In short, Chen did not develop before the BIA the mental-competency issue he presents to us now. We therefore lack jurisdiction to review that argument. *See* 8 U.S.C. § 1252(d)(1); *Lin*, 565 F.3d at 978.

Aside from his unexhausted mental-competency argument, Chen does not challenge the BIA's determinations that he was not credible and failed to corroborate his testimony with other evidence. Thus, Chen has waived those issues. *See Bi Feng Liu v. Holder*, 560 F.3d 485, 489 n.4 (6th Cir. 2009). The BIA properly affirmed the IJ's denial of Chen's applications for asylum and withholding of removal.

\*   \*   \*

We dismiss the portion of the petition that raises a mental-competency challenge, and deny the remainder.