NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0123n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| SAIDUR RAHMAN, | ) | **FILED** |
|  | ) | Mar 12, 2018 |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON PETITION FOR REVIEW |
|  | ) | FROM THE UNITED STATES |
|  | ) | BOARD OF IMMIGRATION |
| JEFFERSON B. SESSIONS, III, United | ) | APPEALS |
| States Attorney General, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

BEFORE: BOGGS, BATCHELDER, and THAPAR, Circuit Judges.

PER CURIAM. The Department of Homeland Security ("DHS") apprehended Saidur Rahman when he crossed the border between Mexico and Texas. He did not have permission to enter the country, so DHS sought to deport him. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). In response, Rahman applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

In his application, Rahman asserted that he feared persecution for his political affiliation if he returned to Bangladesh. He explained that he was a member of the Bangladeshi opposition party, the Bangladesh Nationalist Party ("BNP"), and, as a result, had been attacked by members of the ruling party, the Awami League, on three separate occasions. Rahman feared that if he returned he would be beaten, arrested, tortured, or killed by supporters of the Awami League or the government.

Despite finding Rahman's testimony to be credible, the immigration judge determined that Rahman was not eligible for asylum because he had failed to establish past persecution or a well-founded fear of future persecution. Specifically, the immigration judge found that Rahman did not show that his alleged mistreatment (1) was inflicted by the Bangladeshi government or an organization that the Bangladeshi government was unable or unwilling to control or (2) was sufficiently severe to constitute persecution. The immigration judge further determined that Rahman's fear of future persecution was not objectively reasonable and that he failed to establish a pattern or practice of persecution of BNP members. And because the immigration judge found that Rahman was not eligible for asylum, the immigration judge concluded that he necessarily failed to satisfy the more stringent standard for withholding of removal. Finally, the immigration judge determined that Rahman did not establish that it is more likely than not that he would be tortured upon return to Bangladesh and that he thus did not warrant CAT protection. So the immigration judge denied Rahman's applications for asylum, withholding of removal, and CAT protection and ordered his removal to Bangladesh.

Rahman appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed. Rahman also filed a motion to reopen his removal proceedings, which the BIA denied. Rahman now petitions this court for review of both.

**No. 16-4198: Applications for Asylum, Withholding of Removal, and CAT Protection**

Because the BIA issued its own decision but adopted some of the immigration judge's reasoning, we review both orders. *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). We review any factual determinations under the highly deferential substantial-evidence standard, treating them as "conclusive" and reversing only if "any reasonable adjudicator would be

compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dieng v. Holder*, 698 F.3d 866, 871–72 (6th Cir. 2012).

To establish eligibility for asylum applicants must show that they meet the definition of "refugee": "a person who is unable or unwilling to return to [his] home country because of past persecution or a 'well-founded fear' of future persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(42)).

Rahman's theory is that he was persecuted on account of his affiliation with the BNP. But "[p]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ali v. Ashcroft*, 366 F.3d 407, 410 (6th Cir. 2004) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)). The problem for Rahman is that to qualify for asylum he must show that any persecution he suffered was "by 'the government, or persons [the] government is unwilling or unable to control.'" *Kante v. Holder*, 634 F.3d 321, 325 (6th Cir. 2011) (alteration in original) (citation omitted). The BIA determined that Rahman failed to make this showing. And Rahman does not address this determination on appeal. He has therefore forfeited this issue. *See Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

Rahman also fails to show a well-founded fear of future persecution. The BIA determined that there was no evidence in the record that Awami League members would recognize Rahman or seek to harm him upon his return. Furthermore, the BIA found that the evidence did not show a pattern or practice of persecution of BNP members. *See Akhtar v. Gonzales*, 406 F.3d 399, 404 (6th Cir. 2005) (stating that the objective fear component requires the alien to prove either a reasonable probability that the alien will be singled out individually for persecution or a pattern or practice of persecution of the group to which the alien belongs). On

appeal, Rahman does not address these findings directly, instead contending (1) that he established past persecution and is therefore entitled to the presumption of a well-founded fear of future persecution, and (2) that even without such a presumption, the evidence submitted in support of his motion to reopen shows that he has a well-founded fear of future persecution. But Rahman failed to establish past persecution, and he is therefore not entitled to the presumption of a well-founded fear of future persecution. And while Rahman points to evidence that he believes establishes a pattern or practice of persecuting BNP members, he fails to explain why this evidence is inconsistent with the BIA's conclusion that the evidence does little more than highlight an unfortunate but long-enduring state of violence and civil unrest in Bangladesh. As such, Rahman fails to explain why that evidence compelled the agency to find that such a pattern or practice existed. *See Dieng*, 698 F.3d at 871 (noting that this court will only reverse a factual finding if "the evidence not only supports a contrary conclusion, but *compels* it" (emphasis added) (quoting *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007))). He has thus failed to establish his eligibility for asylum.

Because Rahman failed to establish his eligibility for asylum, he necessarily failed to satisfy the more stringent standard for his factually identical claim for withholding of removal. *See Lin v. Holder*, 565 F.3d 971, 979 (6th Cir. 2009). Likewise, Rahman's claim for CAT protection relies on the same allegations as his other claims and thus fails. The record does not compel the conclusion that it is more likely than not that he would be tortured upon returning to Bangladesh. *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1155–56 (6th Cir. 2010).

**No. 17-3720:  Motion to Reopen**

We review the BIA's denial of Rahman's motion to reopen for abuse of discretion. *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007). We will overturn that denial only if the

decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (citation omitted).

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). The motion "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.* The moving party bears a heavy burden to show that "the new evidence offered would likely change the result of the case." *Reyna v. Lynch*, 631 F. App'x 366, 371 (6th Cir. 2015) (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992)).

Rahman contends that, in denying his motion to reopen, the BIA failed to discuss the objective evidence from government and human rights organizations detailing the violent crackdowns on BNP members, supporters, and their families. But the BIA specifically addressed this evidence, stating that "the background evidence reflects a continuation of political violence in Bangladesh that existed prior to [Rahman's] hearing and that has unfortunately been common in Bangladeshi history." In addition to evidence of the country's conditions, Rahman submitted affidavits from his family members and other persons in Bangladesh. The BIA found that this evidence was neither new nor previously unavailable to the extent that the affidavits recounted events that occurred before Rahman's hearing. The BIA further found that the affidavits were not sufficiently reliable or persuasive to warrant reopening, noting that the affidavits were from interested witnesses, were photocopies unaccompanied by the originals or the envelopes in which they were mailed, appeared to have been prepared for purposes of litigation, and were

conclusory and speculative regarding any harm that Rahman might face upon return to Bangladesh. Since this evidence was not likely to alter the outcome, the BIA did not abuse its discretion in denying Rahman's motion to reopen.

* * * * *

For these reasons, we **DENY** Rahman's petitions for review.