NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  18a0151n.06

No. 17-4031

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 22, 2018
DEBORAH S. HUNT, Clerk

EUNICE SOTO-AMBROCIO; ERIKA DE
LEON-SOTO,

    Petitioners,

v.

JEFFERSON B. SESSIONS, III, U.S.
Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE:  COLE, Chief Judge; GUY and DONALD, Circuit Judges.

PER CURIAM.  Eunice Soto Ambrocio, along with her daughter, Erika De Leon Soto, as a derivative applicant, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her applications for asylum and withholding of removal.  We deny the petition.

Soto Ambrocio and her then one-year-old daughter, both natives and citizens of Guatemala, entered the United States without inspection in November 2014.  Upon entry, the Department of Homeland Security served them with notices to appear in removal proceedings, charging them with removability as aliens present in the United States without being admitted or paroled.  *See* 8 U.S.C. § 1182(a)(6)(A)(i).  After appearing before an immigration judge (IJ), Soto Ambrocio conceded removability as charged and submitted an application for asylum and withholding of removal based on her membership in a particular social group.

At the hearing on her application, Soto Ambrocio defined her particular social group as young women from Guatemala subject to abuse from families.  Soto Ambrocio testified that she

and her younger sister Cindy lived with their grandparents and uncle in Guatemala after their parents left for the United States. According to Soto Ambrocio, her uncle verbally harassed her, saying that he wanted to have sexual relations with her, but never physically harmed her. Soto Ambrocio testified that she left Guatemala because she was afraid that her uncle would do something to her and her daughter. Soto Ambrocio's sister Cindy also testified, confirming that their uncle harassed and controlled Soto Ambrocio. Cindy testified that their uncle began touching her when she was twelve years old and then forced her to have sexual relations with him. Cindy asserted that she left Guatemala because of their uncle's abuse. The sisters both testified that they never reported their uncle to the police because they thought that the police would not do anything.

After the hearing, the IJ denied Soto Ambrocio's applications for asylum and withholding of removal and ordered her and her daughter's removal to Guatemala. The IJ found that Soto Ambrocio and her sister were credible but determined that Soto Ambrocio's generalized testimony and lack of corroboration failed to satisfy her burden. The IJ went on to find that the uncle's behavior toward Soto Ambrocio, although reprehensible, did not rise to the level of past persecution and that she failed to establish that the police would be unable or unwilling to protect her. According to the IJ, Soto Ambrocio's proposed social group failed because it was defined by the harm suffered and lacked particularity and social distinction. The IJ further found that Soto Ambrocio failed to establish that she could not relocate in Guatemala to avoid her uncle. While sympathetic to her mistreatment, the IJ determined that Soto Ambrocio failed to meet her burden for asylum and also failed to meet the higher burden for withholding of removal.

The BIA dismissed Soto Ambrocio's appeal. The BIA agreed that Soto Ambrocio's proposed social group was not cognizable for asylum purposes. The BIA further determined that

there was insufficient evidence that the Guatemalan government was unwilling or unable to control her uncle and that Soto Ambrocio had waived this issue by failing to contest it on appeal.

This timely petition for review followed. "Where, as here, the BIA issues its own decision rather than summarily affirming the IJ, the BIA decision is reviewed as the final agency decision, but the IJ's decision is also reviewed to the extent that the BIA adopted it." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). We review the agency's factual determinations for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dieng v. Holder*, 698 F.3d 866, 871-72 (6th Cir. 2012).

"An alien who seeks asylum must establish that she meets the definition of a 'refugee,' which means a person who is unable or unwilling to return to her home country because of past persecution or a 'well-founded fear' of future persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(42)). Soto Ambrocio sought asylum based on her membership in a particular social group, which requires: (1) the group's members must share a "common, immutable characteristic"; (2) the group must have particularity, "meaning that the group can be described in terms sufficiently distinct such that the community would recognize it as a discrete class of persons"; and (3) the group must have social distinction, meaning that "members of the group 'must be perceived as a group by society.'" *Zaldana Menijar v. Lynch*, 812 F.3d 491, 498 (6th Cir. 2015) (first quoting *Urbina-Mejia v. Holder*, 597 F.3d 360, 365 (6th Cir. 2010); then quoting *Al-Ghorbani v. Holder*, 585 F.3d 980, 994 (6th Cir. 2009); and then quoting *In re M-E-V-G-*, 26 I. & N. Dec. 227, 240 (BIA 2014)).

Soto Ambrocio defined her proposed group as young women from Guatemala subject to abuse from families. Soto Ambrocio's proposed group fails because "a social group may not be

circularly defined by the fact that it suffers persecution. The individuals in the group must share a narrowing characteristic other than their risk of being persecuted." *Rreshpja v. Gonzales*, 420 F.3d 551, 556 (6th Cir. 2005). Soto Ambrocio's proposed group also lacks particularity and social distinction given its broad description. *See Umana-Ramos v. Holder*, 724 F.3d 667, 673-74 (6th Cir. 2013); *Rreshpja*, 420 F.3d at 555-56. Without defining "young" or "abuse," the proposed group could include most females in Guatemala.

The IJ further found that Soto Ambrocio failed to demonstrate that the police would be unwilling or unable to control her uncle, particularly since she did not report the abuse to the authorities. *See Bonilla-Morales*, 607 F.3d at 1136 ("Persecution is defined as 'the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim.'" (quoting *Al-Ghorbani v. Holder*, 585 F.3d 980, 997 (6th Cir. 2009)); *Anyakudo v. Holder*, 375 F. App'x 559, 564 (6th Cir. 2010) (finding that allegation that officials would not have helped "is speculative and unsubstantiated by the evidence"). Soto Ambrocio waived this issue by failing to raise it before the BIA and before this court. *See Khalili v. Holder*, 557 F.3d 429, 433 (6th Cir. 2009) ("If the petitioner fails to exhaust an issue before the BIA, that issue is normally deemed to be waived."); *Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005) (holding that petitioners waived argument by failing to raise it in their brief).

Substantial evidence supports the agency's determination that Soto Ambrocio failed to establish eligibility for asylum. Because she failed to establish eligibility for asylum, Soto Ambrocio necessarily failed to satisfy the more stringent standard for her identical claim for withholding of removal. *See Lin v. Holder*, 565 F.3d 971, 979 (6th Cir. 2009).

For these reasons, we **DENY** Soto Ambrocio's petition for review.